John FEDORCHICK

v.

MASSEY–FERGUSON, INC.,

v.

RAY HARTMAN & SONS, Raymond Hartman, Rudolph Davidge Associates, Mr. & Mrs. Rudolph Davidge, Rudolph Davidge, Jr. and Tocks Construction Co.

Civ. A. No. 73–2376.

United States District Court, E. D. Pennsylvania.

July 14, 1977.

Arthur L. Pressman, Philadelphia, Pa., for plaintiff.

Harry A. Short, Jr., Philadelphia, Pa., for defendant.

William T. Campbell, Jr., Charles J. Bogdanoff, Philadelphia, Pa., for third-party defendants.

## MEMORANDUM

BECHTLE, District Judge.

The plaintiff, John Fedorchick, brought this diversity action to recover for personal injuries suffered in an accident involving a crawler loader manufactured by defendant, Massey-Ferguson, Inc. ("Massey-Ferguson").[1] Presently before the Court are Massey-Ferguson's motions for judgment notwithstanding the verdict and for a new trial. For the reasons stated below, the motions will be denied.

Viewing the evidence in the light most favorable to plaintiff, the following facts were developed at trial. The MF–2244 front-end crawler loader ("loader") involved in the accident was manufactured by Massey-Ferguson. In February, 1968, Massey-Ferguson sold the loader to Ray Hartman & Sons ("Hartman"), a dealer and distributor of construction machines and equipment. The loader was sold without a rear counterweight or a rear ripper, or any warning of the need for a stabilizing rear attachment. In July, 1969, Hartman sold the loader to Lester Litts without a counterweight or a ripper. Mr. Litts returned the loader to Hartman in February, 1972.

In April, 1972, Hartman leased the loader to Tocks Construction Co. ("Tocks"). The loader was delivered to Tocks without a counterweight, a ripper, or any warnings. Tocks was owned by Rudolph Davidge, Sr. In addition, Mr. Davidge, Sr., together with his wife, owned the land on which the accident occurred. Tocks leased the loader for use in the development of the Davidge land. Plaintiff and Rudolph Davidge, Jr., both employees of Tocks, worked together at the development site. Davidge, Jr., operated the loader and plaintiff drove a dump truck which was periodically filled with earth by the loader.

On May 1, 1972, the day of the accident, Davidge, Jr., was operating the loader, carrying a bucket of earth toward a dump truck for loading. Plaintiff was seated in the driver's seat of the truck. Approximately five to six feet from the driver's side of the dump truck, Davidge, Jr., began to raise the bucket. After the loader traveled a few more feet, the right track abruptly stopped. The loader then tipped forward, with the full bucket striking the ground and the back end of the loader raising off the ground, and catapulted Davidge, Jr., in a somersaulting motion, from his seat. He landed in between the front end of the loader and the rear of the bucket. Observing Davidge, Jr.'s, plight through the truck's left-hand rearview mirror, plaintiff ran to rescue Davidge, Jr., from being run over by the loader. As he attempted to disengage the loader's controls, plaintiff was injured when struck by the runaway loader.

Plaintiff commenced this diversity action against Massey-Ferguson alleging, *inter alia*, that Massey-Ferguson was liable to him for the injuries he sustained under the doctrine of strict liability as contained in § 402A of the *Restatement (Second) of*

---

1. At the time of the accident, plaintiff was 18 years old. [N.T. 12–42.] The injuries plaintiff suffered in the accident were serious and extensive, including a permanent and debilitating injury to his left arm and hand. [N.T. 11–86 to 11–106.]

*Torts* (1965) [2] and under principles of negligence. Specifically, he asserted that, since the loader was inherently unstable, the unrearweighted loader was defective in design and unreasonably dangerous to users and that, since the loader was sold without any warning of the need for a stabilizing rear attachment, the loader was in a defective condition unreasonably dangerous to users. Plaintiff further asserted that Massey-Ferguson was negligent in that it failed to use reasonable care when it designed the loader and when it sold the loader without warnings. Massey-Ferguson then joined, *inter alia*, as third-party defendants Hartman and Tocks, contending essentially that both were negligent in that they failed to inform the operators of the need to use a rear counterweight and of the loader's inherent instability. The case proceeded to trial and the jury, in response to special interrogatories submitted by the Court, found in favor of plaintiff and against Massey-Ferguson under the theories of strict liability and

negligence, and against Massey-Ferguson and in favor of Hartman and Tocks,[3] and awarded damages in the sum of $450,000.

In support of its motion for judgment notwithstanding the verdict,[4] Massey-Ferguson argues that it could not be liable under § 402A since plaintiff was not a user or consumer of the loader.[5] Plaintiff contends that § 402A's coverage should be extended to non-users and non-consumers, such as innocent bystanders who are injured by a defective and unreasonably dangerous product. Since no Pennsylvania appellate decision has *directly* confronted this issue, in this diversity action we must predict whether the Pennsylvania appellate courts would hold that § 402A covers innocent bystanders as well as users and consumers.

We begin by noting that the American Law Institute, in adopting § 402A, expressly left open, by means of caveat, the question of whether the section applies "to harm to persons other than users or consumers." [6]

---

**2.** § 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

 (a) the seller is engaged in the business of selling such a product, and

 (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

 (a) the seller has exercised all possible care in the preparation and sale of his product, and

 (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

§ 402A was adopted as the law of Pennsylvania in *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966).

**3.** The special interrogatories read as follows:

"1. Do you find Massey-Ferguson liable to the Plaintiff under the theory of strict liability?"

The jury answered, "Yes."

"2. Do you find Massey-Ferguson liable to the Plaintiff under the theory of negligence?"

The jury answered, "Yes."

"3. Do you find that Ray Hartman & Sons was negligent?"

The jury answered, "No."

"4. Do you find that Tocks Construction Company was negligent?"

The jury answered, "No."

"5. Was the Plaintiff contributorily negligent?"

The jury answered, "No."

"6. If the Answer to question number 5 was 'YES' fill in the percentage by which you find Plaintiff's own negligence contributed to his injuries."

Not applicable.

"7. Did the Plaintiff voluntarily assume the risk?"

The jury answered, "No."

**4.** It is clear that, in ruling upon a motion for judgment notwithstanding the verdict, we must, without considering the credibility of the witnesses, view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict winner. *See Hunziker v. Scheidemantle*, 543 F.2d 489, 496 n.12 (3d Cir. 1976); *Thomas v. E. J. Korvette, Inc.*, 476 F.2d 471, 474 (3d Cir. 1973).

**5.** The Court notes that, although Massey-Ferguson raises numerous other contentions in support of its motion for judgment notwithstanding the verdict, only the "user" issue requires discussion.

**6.** The Institute further stated in a "Comment on Caveat" as follows:

Nevertheless, many state courts which have faced this question have answered it in the affirmative essentially on the basis of the argument that a public policy which protects the user or consumer in product liability cases should also protect the innocent bystander. *See* cases collected in 33 A.L. R.3d 415 (1970).

Although Pennsylvania appellate courts have not directly faced this issue, two decisions strongly indicate that, if presented with this precise issue, they would extend the protection of the doctrine of strict liability to innocent bystanders. In *Forry v. Gulf Oil Corp.*, 428 Pa. 334, 237 A.2d 593 (1968), the purchaser of a new tire had it mounted on the right rear wheel of his car. The next day, after being informed by a passing motorist that his right rear wheel was "wobbling," he pulled into a service station to have the tire checked. While the operator of the service station was working on and inflating the tire, an explosion occurred which seriously injured him. Although it affirmed a nonsuit entered by the trial court, the Court held that, if the plaintiff's evidence had been sufficient to establish that the tire was defective when it left the manufacturer's hands and that the defect caused the explosion of the tire, then the plaintiff could have recovered under § 402A against the manufacturer, wholesaler and retailer—all sellers of the tire. Accordingly, the Court impliedly recognized that § 402A affords protection to innocent bystanders such as the service station operator. In *Flavin v. Aldrich*, 213 Pa.Super. 420, 250 A.2d 185 (1968), the Pennsylvania Superior Court indicated that it too would extend § 402A coverage to innocent bystanders. In that case, the plaintiffs' car was struck in the rear by a second car when the brakes of the second car failed. The plaintiffs brought suit against the driver and the seller of the second car based upon a theory of negligence. The case proceeded to trial and the jury returned a verdict against both defendants. In affirming the trial court, the superior court noted with approval the trial court's observation that if the case had been tried after the Pennsylvania Supreme Court, in *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), had adopted § 402A as the law of Pennsylvania, then the plaintiffs "would have been entitled to a charge that [the dealer] would be strictly liable, regardless of negligence, if they found that defendant had sold the car in a defective condition." 213 Pa.Super. at 426 n.1, 250 A.2d at 188 n.1.

■ Thus, we have no hesitancy in holding that Pennsylvania appellate courts, if faced with this issue, would extend § 402A's coverage to innocent bystanders. *See Wagner v. Studt*, 60 D.&C.2d 743, 746–752 (1973). In other words, § 402A provides coverage for a person who suffers harm *proximately caused* by a defective and unreasonably dangerous product, regardless of whether that person used or consumed the product.

The inquiry does not end there, however, since the facts of this case are, at first glance, different from the facts of the "normal" innocent bystander case. In the "normal" case, as in *Forry* and *Flavin, supra*, the bystander is already within the defective product's orbit of danger when the danger from the defect manifests itself *and* when the injury occurs. Thus, if the runaway loader had crashed into the dump truck's passenger compartment and had in-

---

*o. Injuries to non-users and non-consumers.* Thus far the courts, in applying the rule stated in this Section, have not gone beyond allowing recovery to users and consumers, as those terms are defined in Comment *l.* Casual bystanders, and others who may come in contact with the product, as in the case of employees of the retailer, or a passer-by injured by an exploding bottle, or a pedestrian hit by an automobile, have been denied recovery. There may be no essential reason why such plaintiffs should not be brought within the scope of the protection afforded, other than that they do not have the same reasons for expecting such protection as the consumer who buys a marketed product; but the social pressure which has been largely responsible for the development of the rule stated has been a consumers' pressure, and there is not the same demand for the protection of casual strangers. The Institute expresses neither approval nor disapproval of expansion of the rule to permit recovery by such persons.

jured plaintiff while he was sitting in his seat, then plaintiff could have been easily characterized as an innocent bystander. But the plaintiff in this case was not within the loader's orbit of danger when the danger from the defect manifested itself, since, in effect, he placed himself in the path of the runaway loader. The question remains, therefore, whether this particular plaintiff can be said to have been an innocent bystander.

 The answer to that question is an easy one, since we do not believe that plaintiff's having placed himself in the path of the loader should yield a different conclusion from that reached in the "normal" case. The critical inquiry, in both "types" of cases, is whether the party at the time of the injury was within the orbit of danger. If the answer is yes, then as a matter of law the injured party is an innocent bystander and is initially entitled to § 402A's protection. In our view, the fact that the injured party placed himself in the orbit of danger after the danger from the defect first manifested itself is only relevant to the issue of whether that person, notwithstanding the fact that he is an innocent bystander, voluntarily assumed the risk by so placing himself.[7] Accordingly, we hold as a matter of law that plaintiff was an innocent bystander.[8] Massey-Ferguson's motion for judgment notwithstanding the verdict will, therefore, be denied.

In support of its motion for a new trial, Massey-Ferguson's contention is succinctly stated in its "Brief in Support of Motion for Judgment N.O.V. and Motion for New Trial" at 37:

Massey-Ferguson joined Ray Hartman & Sons as a third party defendant demanding contribution and/or indemnity. Ray Hartman & Sons, a dealer in Massey-Ferguson construction machinery, leased this particular machine to the plaintiff's employer, Rudolph Davidge, Sr. Massey-Ferguson alleged that as a supplier of the product Ray Hartman & Sons was liable under § 402A of the Restatement of Torts, 2d. The Court, however, refused to charge the jury on this theory of liability as it pertained to Ray Hartman & Sons. This ruling and refusal to charge was erroneous.[9]

If Massey-Ferguson had "alleged that as a supplier of the product Ray Hartman & Sons was liable under § 402A of the Restatement of Torts, 2d," it might have been entitled to a charge with respect to that theory of liability. However, an examination of Massey-Ferguson's original and amended third-party complaints reveals that Massey-Ferguson proceeded against Hartman only on a theory of negligence. Paragraph 4 of both third-party complaints reads as follows:

Although the defendant has denied plaintiff's allegations concerning the condition of said "crawler loader," should plaintiff's allegations be determined in favor of plaintiff, said condition was due to the negligence of third party defendants, Ray Hartman & Sons and/or [Hartman] in the ownership, possession, control, maintenance and leasing of said "crawler loader" or in leasing said "crawler loader" in the condition alleged by plaintiff.

Even in its final pretrial memorandum at 3, 6, filed on September 3, 1976, just four days prior to the commencement of trial, Massey-Ferguson only relied on 'a theory of

---

**7.** The jury, in response to special interrogatory number 7, found that plaintiff did not voluntarily assume the risk. *See* note 2 *supra*; N.T. 9–61 to 9–64, 10–3 to 10–8.

**8.** The Court notes that, with respect to this issue, we instructed the jury that, if they found that plaintiff was attempting to rescue Davidge, Jr., when he was struck by the loader, then as a matter of law plaintiff was a "user" under § 402A. *See* N.T. 9–41. We believe that portion of the charge was, in light of our discussion *supra*, more than Massey-Ferguson was entitled to. Since plaintiff was within the loader's orbit of danger when he was injured, as a matter of law he was an innocent bystander.

**9.** As with its motion for judgment notwithstanding the verdict, *see* note 4 *supra*, Massey-Ferguson raises numerous contentions in support of its motion for new trial. Only the above-mentioned contention requires discussion.

negligence. Not until Massey-Ferguson filed its proposed points for charge, specifically number 52, on the fifth trial day, was there even a hint that Massey-Ferguson wished to proceed against Hartman on the additional theory of strict liability. [*See also* N.T. 8–101, 102; Massey-Ferguson's Trial Memorandum of Law at 12–13, filed the day the jury was charged.]

It is interesting to note that Massey-Ferguson, in its post-trial brief and supplemental post-trial brief, does not directly confront the proposition that, since strict liability was not pleaded, it was not entitled to a charge with respect to that theory of liability. Rather, it attempts to skirt the problem simply by stating in effect that, since plaintiff could have asserted a cause of action in strict liability against Hartman had he chosen to join Hartman as an original defendant, Massey-Ferguson, as a third-party plaintiff, also could have asserted the same cause of action against Hartman. The fact that Massey-Ferguson could have asserted such a cause of action, however, does not entitle it to a charge to that effect. A third-party complaint is subject to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* 6 *Wright & Miller, Federal Practice and Procedure: Civil* § 1453 at 288 (1971). In particular, Rule 8(a)(2) states that a third-party claim shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief". *See* 5 *Wright & Miller, Federal Practice and Procedure: Civil* § 1216 (1969). Massey-Ferguson's only claim of relief against Hartman was for contribution or indemnity based on the theory of negligence. Since it failed to plead strict liability, the Court properly denied Massey-Ferguson's request that the jury be instructed with respect to that theory of liability. Accordingly, Massey-Ferguson's motion for new trial will be denied.

An appropriate Order will be entered.