## Hanover Prest-Paving Company v. D. K. Hershey Inc.

*Jane H. Schussler* and *Steven M. Carr,* for plaintiff.

*James K. Thomas,* for defendant.

*Morton F. Daller,* for additional defendant.

KUHN, *J.*, February 26, 1987—On February 19, 1985, plaintiff, Hanover Prest-Paving Company, filed a complaint[1] against defendant, D.K. Hershey Inc., alleging that plaintiff contracted with defendant over an eight-month period in 1984, to ship dry cement from plaintiff's suppliers to its place of business. Plaintiff contends that residue of a substance known as Jebcolite was not properly cleaned from Hershey's trucks prior to hauling plaintiff's cement. The result, according to plaintiff, was contamination of the cement and damages arising out of the cement's failure to meet specifications on numerous projects. Plaintiff's suit is in assumpsit for breach of contract, trespass for negligent shipping, handling, safeguarding, and inspecting the cement, and in strict liability under a common carrier theory.

On November 19, 1985, defendant joined additional defendant, Fruehauf, averring that the tank-trailer used in hauling plaintiff's cement was manufactured by Fruehauf. Hershey seeks to impose strict liability upon Fruehauf under Restatement (Second) of Torts, §402A. Hershey's complaint also sets forth negligence and breach of warranty claims not relevant here.

On January 2, 1987, Fruehauf moved for partial summary judgment on three counts: count I (strict liability), count II (negligence) and count IV (breach of warranty). Hershey has agreed to the dismissal of count IV of its complaint. At oral argument Fruehauf withdrew its motion with respect to count II.

Fruehauf's motion with respect to the strict liability claim centers on four issues: (1) Is strict liability an available cause of action under Pa.R.C.P.

---

1. The complaint was initially filed in York County and subsequently transferred to Adams County.

2252(a)? (2) Must Hershey aver physical harm to its property? (3) Does plaintiff qualify as a user or consumer of the tank-trailers to permit recovery? (4) Were Fruehauf's trailers unreasonably dangerous?

Procedurally, Fruehauf contends that as an additional defendant, under Pa.R.C.P. 2252(a), it may be liable to plaintiff, if at all, only "on the cause of action declared upon by plaintiff." Because plaintiff has not pursued a section 402A strict liability theory, Fruehauf argues that it cannot be liable to plaintiff under defendant's section 402A pleading.

Pa.R.C.P. 2252(a) provides:

"(a) In any action defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which plaintiff's cause of action is based."

Fruehauf's interpretation of the rule would require that the two causes be identical, but:

"The phrase 'cause of action declared upon by plaintiff' has been construed as requiring that the two causes of action be related in substance to the complaint pleaded by plaintiff and arise out of the same factual background. . . .

"The words 'cause of action' in the rule should be construed to mean 'damages or injuries.' The wrongful act or the operative set of facts actually constitute plaintiff's cause of action for purposes of determining whether joinder of an additional defendant is proper. So long as the additional defen-

dant's alleged liability is related to the original claim which plaintiff asserted against the original defendant, the third-party complaint is within the bounds of the rule." 3 Standard Pa. Prac. 14:157, at 230-31.

Here, Hershey complains that Fruehauf is solely liable for plaintiff's damages. The actions involving all parties arise out of the same factual background. Although this liability is predicated on a cause of action different than set forth in plaintiff's complaint, the form of plaintiff's action is not dispositive of whether the joinder is proper, *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971); 3 Standard Pa. Prac. § 14:157 at 229, nor must Fruehauf be liable to Hershey if the former is directly liable to plaintiff. *Commonwealth, Department of Transportation v. Bethlehem Steel Corp.,* 33 Pa. 1, 380 A.2d 1308 (1977).

Joinder in the instant case is proper.

We are compelled to deny Fruehauf's motion on the substantive issues related to Hershey's section 402A claims as well. Section 402A of the Restatement (Second) of Torts, adopted in Pennsylvania by *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966), provides:

"§402A. Special Liability of Seller of Product for Physical Harm to User of Consumer

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not brought the product from or entered into any contractual relation with the seller."

The instant pleadings do not suggest that Hershey's property has been harmed by any defect in the tank-trailer, whether that defect be a design defect or a defect existing because of failure to provide a proper warning. However, as noted above, Hershey need not aver such harm where joinder is based upon Fruehauf being liable to plaintiff for plaintiff's damages. Critical, therefore, is an analysis of whether plaintiff is an "ultimate user or consumer" of the tank-trailers when it merely engaged Hershey to haul its dry cement in these trailers.

We conclude that plaintiff was a user of the trailers as contemplated by section 402A. As a caveat to section 402A the American Law Institute expressed no opinion whether the section applied "to harm to persons other than users or consumers." However, some courts have ruled that logic requires the protection be provided innocent bystanders even more than the consumer. *Pegg v. General Motors Corp.*, 258 Pa. Super. 59, 391 A.2d 1074 (1978); *Herman v. Welland Chemical Ltd.*, 580 F. Supp. 823, 829 (M.D. Pa., 1984); *Fedorchick v. Massey-Ferguson Inc.*, 438 F. Supp. 60, (E.D. Pa., 1977), aff'd, 577 F.2d 725 (3rd Cir., 1978), *Townsend v. Hobbs Laboratories Division*, 53 Wash. Co. 188 (1973); *Wagner v. Studl*, 60 D.&C.2d 734 (1973); *Eyer v. Bethlehem Millwork Inc.*, 40 Northampton 228 (1971); Pennsylvania Standard Civil Jury Instructions, 38.10. A careful reading of these authorities leads us to the same conclusion. If it can be demonstrated

at trial that the tank-trailer was defective when it left Fruehauf, that it was being used by Hershey and that such defect was the proximate cause of plaintiff's property damage, then plaintiff falls within the scope of section 402A protection.

Fruehauf also contends that Hershey has suffered no physical damage to its property as a result of a defective condition in the trailers and its only damage, therefore, is a potential judgment in favor of plaintiff.[2] Fruehauf labels this claim as economic damages. True, economic damages are not recoverable under a strict liability claim. *Industrial Uniform Rental Comp. Inc. v. International Harvester Co.*, 317 Pa. Super. 65, 463 A.2d 1085 (1985); *Philadelphia National Bank v. Dow Chemical Comp.*, 605 F. Supp. 60 (E.D. Pa., 1985). However, the damages being claimed are those suffered by plaintiff (the bystander), not Hershey (the buyer). Economic loss is almost always incurred by the consumer of a product, not persons, like plaintiff, who merely use it or come into contact with it. *Industrial,* supra., 317 Pa. Super. at 75, 463 A.2d at 1091.

Finally, Fruehauf argues that, even if it failed to warn about the possibility of product contamination resulting from ineffective cleaning between trans-

---

2. Economic damages have been described as damages for inadequate value, cost of repair and replacement of a defective product, or consequent loss of profits, without a claim for personal injury or damage to other property. *Industrial Uniform Rental Comp. Inc. v. International Harvester Co.*, 317 Pa. Super. 65, 67 463 A.2d 1085, 1086 (1985) footnote 2. The same opinion further explained that economic loss results from the failure of the product to perform to the level expected by the buyer and seller and is most frequently measured by the cost of repairing the defect or by the difference in the value of the product as it exists and the value it would have if it performed as expected. *Industrial,* supra, 317 Pa. Super. at 75, 463 A.2d at 1090-91.

ports of dissimilar materials, such allegations would not arise to an unreasonably dangerous condition triggering section 402A liability. The Supreme Court in *Azzarello v. Black Brothers Co. Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978), analyzed the respective functions of the trial court and the jury in a section 402A case. The court must initially decide whether, under a plaintiff's averment of facts, recovery would be justified. In this respect it must determine whether the product is "unreasonably dangerous." This is a term of art having no independent significance but is rather a tool for imposing upon the trial court the responsibility of deciding, as a matter of law, based upon considerations of social policy, whether the risk of loss should be borne by the supplier. The term was inserted in section 402A to prevent a supplier from being liable as an insurer rather than as a guarantor.

It has been noted that the social policy decision to be made by the court whether the product is unreasonably dangerous will sometimes be difficult.

"However, where inadequate warnings are alleged, the social policy decision is relatively simple. . . . imposing the requirements of a proper warning will seldom detract from the utility of the product. . . . At the same time, the cost of adding a warning, or of making an inadequate warning adequate, will at least in most cases be outweighed by the risk of harm if there is no adequate warning." *Dambacher by Dambacher v. Mallis,* 336 Pa. Super. 22, 51, 485 A.2d 408, 423 (1984).

We do not feel competent to make this social determination without hearing the evidence presented at trial.

Accordingly, we enter the following

## ORDER

And now, this February 26, 1987, additional defendant's motion for partial summary judgment is denied.

Count IV (breach of warranty) of defendant's complaint against additional defendant is dismissed upon agreement of counsel.

