Commonwealth of Pennsylvania, Department of Transportation (PennDOT), Plaintiff *v.* Bethlehem Steel Corporation and Sanders and Thomas, Inc., Defendants, and Tensorex Company, Inc., a New York Corporation, Tensorex Company, Inc., a Florida Corporation, No. 1 Contracting Corporation of Delaware, Sanders and Thomas, Inc., Brookhart and Tyo and Tyo & Fleisher, Inc., Additional Defendants.

Argued September 15, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*David E. Lehman,* with him *Edward C. First, Jr.,* and *McNees, Wallace & Nurick,* for defendant, Bethlehem Steel Corporation.

*Joseph P. Hafer,* with him *James K. Thomas,* and *Thomas & Thomas,* for defendant, Sanders and Thomas, Inc.

*Henry W. Rhoads,* with him *J. Bruce Walter,* and *Rhoads, Sinon & Hendershot,* for additional defendants, Tensorex Company, Inc., a New York Corporation, and Tensorex Company, Inc., a Florida Corporation.

OPINION BY JUDGE CRUMLISH, JR., December 13, 1977:

Before our Court are the preliminary objections of Bethlehem Steel Corporation (Bethlehem) and Tensorex Engineering Company of Florida (Tensorex) in an action in its original jurisdiction. This case involves the attempt by the Department of Transportation of the Commonwealth of Pennsylvania (PennDOT) to recover the additional expense it incurred in rebuilding the "New Street Bridge" in Bethlehem after the bridge initially failed soon after opening in May of 1970 due to allegedly faulty design. In January of 1975 a summons and complaint were filed by PennDOT against Bethlehem and Sanders and Thomas, Inc. (Sanders), the company which had collaborated with Bethlehem on the design of the bridge. In April of 1975 Bethlehem filed a complaint against Tensorex Engineering Company of New York, the company which had drafted the detailed drawings from the original design of the bridge for use in fabricating the bridge. As an out-of-state corporation, service was upon the Secretary of State[1] who attempted to serve the Tensorex Engineering Company of New York by registered mail. Tensorex of New York had, however, gone out of business and the applicable papers were forwarded to Tensorex Engineering Company of Florida (Tensorex), a successor corporation.

Bethlehem and Sanders made preliminary objections to the original complaint of PennDOT, certain of which were granted by Order of this Court dated January 18, 1977. Tensorex also made preliminary

[1] 42 Pa.C.S. §§8302, 8307.

objections to its joinder which, due to lack of opposition on the part of Bethlehem, were granted in the same Order. The Order and Opinion, together with a description of all the parties hereto and a full description of the prior procedural difficulties which have afflicted this case, may be found in *Department of Transportation v. Bethlehem Steel Corp.*, 28 Pa. Commonwealth Ct. 214, 368 A.2d 888 (1977) (*PennDOT I*). PennDOT then served an amended complaint upon the defendants and shortly thereafter Sanders and Brookhart and Tyo, an additional defendant that had been brought in by Sanders,[2] sought to once again join Tensorex to this action as an additional defendant by way of Answer together with New Matter.

Preliminary objections on the part of Bethlehem to the amended complaint and preliminary objections on the part of Tensorex seeking to prevent its joinder are now before our Court.

### Preliminary Objections of Bethlehem

Bethlehem demurs to both counts of the amended complaint (count one alleges a breach of contract, while count two alleges negligence on the part of Bethlehem in the design and construction of the bridge and the selection of Sanders as design consultant) and makes a motion for more specific pleadings. Since Bethlehem did not argue on behalf of its demurrer, we will deal only briefly with it and then discuss its motion for more specific pleadings.

The demurrer to count one of the amended complaint is based upon averments in the amended complaint which were contained in the original complaint. Preliminary objections to them should have been made

---

[2] Brookhart and Tyo, now known as Tyo and Fleisher, Inc., checked the plans for the construction of the bridge on behalf of PennDOT.

at the same time as the original preliminary objections were made. "Preliminary objections to an amended complaint may not include matters which appeared in the original." *Hi-Grade Service Station, Inc. v. Ben & Frank, Inc.*, 35 D. & C. 2d 165 (C.P. Luzerne 1964). *See* Pa. R.C.P. No. 1028. The demurrer to count two of the complaint was in effect raised by Bethlehem during the original round of preliminary objections and rejected by the Court at that time. *See PennDOT I*, 28 Pa. Commonwealth Ct. at 222, 224, 368 A.2d at 894.

The thrust of Bethlehem's motion for a more specific complaint, as we glean it from the brief, which is somewhat at variance with the preliminary objections filed with the Court, is that PennDOT has lumped the damages flowing from the negligence in the construction of the bridge together with the damages from the negligent selection of the design consultant. As we read the complaint, PennDOT is alleging that *all* the damages sustained are attributable to the negligence in the construction and *all* the damages are also attributable to the negligent selection of the design consultant. It is well settled that causes of action may be pleaded in the alternative, Pa. R.C.P. No. 1020(c), and causes of action may be inconsistent with each other. Bethlehem's other allegation that PennDOT has not set forth the acts of negligence involved in the selection of Sanders as design consultant was raised in *PennDOT I* and rejected at that time. *See PennDOT I*, 28 Pa. Commonwealth Ct. at 222-23, 368 A.2d at 894.

If Bethlehem requires more information as to the particulars of PennDOT's case, the traditional methods of interrogatory and deposition are available to it.

### Preliminary Objections of Tensorex

The second set of preliminary objections before this Court are the objections by Tensorex to its join-

der as an additional defendant by Sanders. As we have already noted, Tensorex's preliminary objection to joinder in *PennDOT I* was sustained solely on the basis of Bethlehem's lack of opposition and we never reached the merits thereof. Prior to our decision in *PennDOT I,* Sanders had expressed the desire to join Tensorex as an additional defendant but was prevented from doing so because it had filed preliminary objections to PennDOT's complaint and was precluded from filing an answer to the complaint and bringing in Tensorex by way of new matter. It worried that, while waiting for its preliminary objections to be decided, the statute of limitations might expire. President Judge BOWMAN was mindful of these problems and an unreported decision dated June 4, 1976, held that the statute of limitations was tolled as to the other third-party defendants as of the time Tensorex had originally been served by Bethlehem, and that this specifically inured to Sanders' benefit. In *PennDOT I* we held:

> Sanders, with the aid of the tolling of the statute as to the present additional defendants, can proceed following the filing of an amended complaint by PennDOT, to answer that complaint alleging new matter sufficient to effect the joinder it seeks.

*PennDOT I,* 28 Pa. Commonwealth Ct. at 233, 368 A.2d at 899.

In its preliminary objections to Sanders' new matter, Tensorex has demurred, made a motion to strike for failure to specifically set forth the damages (Pa. R.C.P. No. 1019(f)) and makes a motion for more definite pleadings.

Close analysis of the demurrer reveals that it is fundamentally based upon three separate grounds: an averment of the expiration of the statute of limita-

8

tions; lack of personal jurisdiction; and a failure to state a cause of action. We shall deal with each of these contentions seriatum.

## Statute of Limitations

A large proportion of Tensorex's preliminary objection is based upon the alleged expiration of the applicable statute of limitations. The issue of the expiration of the statute of limitations may not be raised by way of preliminary objection unless the limitation is non-waivable. The defense of the expiration of the statute of limitations in this case is waived if not asserted. It has also been held that "the issue of the expiration of the statute of limitations is properly raised under new matter. Pa. R.C.P. No. 1017(b)(4)." *Cooper v. Downingtown School District*, 238 Pa. Superior Ct. 404, 357 A.2d 619 (1975); *Stolfzus v. Haus*, 234 Pa. Superior Ct. 46, 334 A.2d 738 (1975). We therefore dismiss all of Tensorex's many preliminary objections based upon the statute of limitations, as its assertion is not at this time proper.

## Jurisdiction

Tensorex Engineering Company of New York, the company that did the work complained of herein, was dissolved in 1974 and a new company, Tensorex Engineering Company of Florida set up. Tensorex argues that Tensorex of Florida was not properly served in accordance with the Pennsylvania Long Arm Statute, 42 Pa. C.S. §§8302, 8307, and that in any event, the Florida corporation was not responsible for the wrongdoings of the New York corporation.

Service was initially made by Bethlehem upon Tensorex[3] in April of 1975. The papers were sent to the Secretary of State as permitted by the "long arm

[3] Service was actually upon Tensor Engineering Co. rather than Tensorex Engineering Company but this is not a fatal defect. An

statute" and forwarded by it to the New York corporation by registered letter. The New York company was no longer in business so the registered letter was forwarded by the Post Office to the Florida corporation. Moreover, in May of 1976, service was again made upon the Florida company, this time by Sanders directly.

Since Section 8302 provides:

§8302. Nonqualified foreign corporations

(a) General rule—Any foreign corporation *which shall have done any business* in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, *shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. Service of process shall be made in the manner provided by section 8307 of this title (relating to procedure for service of process). (Emphasis added.)*

and Section 8307 provides:

§8307. Procedure for service of process

Process directed to persons under this chapter shall be served, by the officer to whom such process shall be directed, upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and by sending to the defendant, by registered

---

amendment to the complaint, even after the statute of limitations has run, to correct the name of the party is specifically permitted by Rule No. 1033 of the Pennsylvania Rules of Civil Procedure. *See also Cianchetti v. Kaylen*, 241 Pa. Superior Ct. 437; 361 A.2d 842 (1976).

or certified mail, postage prepaid, a true and attested copy thereof, with an endorsement thereon of the service upon the Department of State, *addressed to such defendant at his last known address.* (Emphasis added.)

it is apparent that there was compliance with the mechanical portion of the statute.

Sanders has alleged that Tensorex was doing business within the state of Pennsylvania which included "certain detail work for" Bethlehem and that Tensorex took "drawings and specifications prepared by Original Defendant, Sanders and Thomas, Inc." and prepared "from said drawings and specifications, other detail drawings to be used by" Bethlehem for the Pennsylvania bridge. In view of the fact that business has been averred to have been conducted within Pennsylvania, together with compliance with the mechanical aspects of the statute, we find, for the purpose of preliminary objections, that jurisdiction has been properly asserted.

We cannot accept Tensorex's argument that the Florida corporation is not a proper party hereto because it was not formed at the time that the acts complained of were performed. Sanders has alleged that Tensorex Florida is the successor corporation to Tensorex New York and liable for its debts stating, somewhat artlessly, that Tensorex Florida "stands in the shoes of the New York Corporation." Although we have heard the concept better expressed, given the liberal standard by which we construe pleadings, Pa. R.C.P. No. 126, we hold that Tensorex New York's relationship to Tensorex Florida has been sufficiently set forth in the pleadings. It may well be that Tensorex Florida is not liable for errors of Tensorex New York, but that fact cannot be determined at this stage of the litigation.

### Failure to State a Cause of Action

Before we review the merits of this allegation, it would be well to examine the standards by which preliminary objections to the pleadings are to be judged. Contrary to what seems to be the view of counsel for Tensorex, a case is not tried at the preliminary objection phase of the litigation. Rather, only

> 'where the complaint shows on its face that the claim is devoid of merit, the demurrer should be sustained: Greenberg v. Aetna Insurance Co., 427 Pa. 511, 235 A.2d 576 (1967), cert. denied, 392 U.S. 907, 88 S.Ct. 2063 (1968).'

Clouser v. Shamokin Packing Co., 240 Pa. Superior Ct. 268, 274, 361 A.2d 836, 840 (1976).

> 'In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted: Yania v. Bigan, 397 Pa. 316, 155 A.2d 343 (1959); Mistick v. Cammack, 397 Pa. 296, 154 A.2d 588 (1959).'

Clouser v. Shamokin Packing Co., supra, 240 Pa. Superior Ct. at 273, 361 A.2d at 840.

> 'But if there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it: Sun Ray Drug Co. v. Lawler, supra; Moran v. Blair, 304 Pa. 471, 156 A.81 (1931).' Hoffman v. Miscericordia Hospital of Philadelphia, supra at 503-504, 267 A.2d at 868.

Clouser v. Shamokin Packing Co., supra, 240 Pa. Superior Ct. at 274, 361 A.2d at 840.

We need also remember that in pleading its case, the complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense. As we stated in PennDOT I, 28 Pa. Commonwealth Ct. at 219, 368 A.2d at 892:

Allegations will withstand challenge under 1019 (a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are 'sufficiently specific so as to enable defendant to prepare his defense.'

Finally, we must be guided by Pa. R.C.P. No. 126, which states:

Rule 126. Liberal Construction and Application of Rules

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Tensorex alleges that Sanders has failed to state a cause of action because it has failed to allege that any duty was owing to it by Tensorex. This interpretation seems to miss the entire point of Sanders' allegations. Sanders is alleging that there was a duty owed from Tensorex to PennDOT. In paragraph 56 of its new matter, Sanders alleges:

56. If Plaintiff [PennDOT] sustained any legally compensable damages, which is not admitted, it is a direct result of said Additional Defendants' [Tensorex] breach of its many express or implied obligations and duties to original Defendant, Bethlehem, under the aforesaid contract between Original Defendant, Bethlehem, and said Additional Defendant, and therefore, Additional Defendant, Tensorex Company, Inc., of Florida and Tensorex Company, Inc., of New York are alone liable to the Plaintiff, or liable over to the Plaintiff for breach of its ob-

ligations and duties to Defendant, Bethlehem, under the aforesaid contract.

A defendant is specifically allowed to join an additional defendant that it believes may be liable to the plaintiff pursuant to Pa. R.C.P. No. 2252, which states:

Rule 2252. Right to Join Additional Defendants

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Although Sanders does not specifically allege that Tensorex may be liable to PennDOT under third-party beneficiary principles, that may be fairly inferred from its pleading. This is especially true since we have already ruled that a third-party beneficiary liability may exist between Sanders and PennDOT. In *PennDOT I* we stated at 28 Pa. Commonwealth Ct. at 227, 368 A.2d at 897:

PennDOT is more than an 'incidental beneficiary' of the Sanders' Bethlehem contract for the end product of the contract (design plans) was always intended to be used by PennDOT in framing their bidding specifications. See *Farmers National Bank of Ephrata v. Employers Liability Assurance Corporation*, 414 Pa. 91, 199 A.2d 272 (1964); *Williams v. Paxon*

Coal Company, 346 Pa. 468, 31 A.2d 69 (1943). PennDOT's project was the sole reason for the existence of the Sanders-Bethlehem contract, and as such, PennDOT must be classified as an 'intended beneficiary' capable of asserting contractual rights.

Both Sanders and Bethlehem performed similar functions for PennDOT. Remembering the applicable principles in judging pleadings for the purpose of preliminary objections, we hold that Sanders has set forth a sufficient cause of action to join Tensorex as an additional defendant.

For the same reasons, we also dismiss Tensorex's motion for a more specific pleading. The pleadings are sufficient to allow Tensorex to prepare a defense.

Tensorex's last preliminary objection was a motion to strike for failure to set forth its alleged damages. Sanders has alleged that the damages are dependent upon any recovery by PennDOT and has annexed as an exhibit to its new matter the amended complaint which sets forth the possible damages with great particularity. We hold that this is sufficient for the purposes of the pleading and dismiss that preliminary objection of Tensorex.

*Tensorex's Preliminary Objection to the New Matter of Brookhart and Tyo*

Tensorex also demurs to the attempt to join it as an additional defendant by Brookhart and Tyo (Brookhart). As regards Tensorex, Brookhart has alleged:

5. If Defendants No. 1 Contracting Corporation of Delaware, Bethlehem Steel Corporation, Tensorex Company, Inc., a New York corporation, and Tensorex Company, Inc., a Florida Corporation are found liable, said liability would be primary and the liability of Addition-

al Defendants Brookhart and Tyo and Tyo and Fleisher, Inc. would be secondary.

6. Under principles of common law indemnity, No. 1 Contracting Corporation of Delaware, Bethlehem Steel Corporation, Tensorex Company, Inc., a New York corporation, and Tensorex Company, Inc., a Florida corporation would be liable over to Brookhart and Tyo and Tyo and Fleisher, Inc. for any amount for which liability would be imposed upon said Brookhart and Tyo and Tyo and Fleisher, Inc.

Tensorex demurs on the basis that it believes that common law indemnity principles are not here applicable and cites certain authority for that proposition. Brookhart cites authority to the contrary that supports its position. From the information presently before the Court, it is impossible to determine the merits of these positions. Therefore, we dismiss this preliminary objection as the position is certainly arguable.

Tensorex also demurs on the basis of lack of jurisdiction, but, noting that President Judge Bowman held that the statute had been tolled for all third-party defendants and noting that Tensorex was already a party to this action by virtue of its services to Sanders, we deny that demurrer for the reasons set forth dealing with its demurrer to Sanders.

We find Tensorex's objection based on the failure of Brookhart to attach form 409 of the Department of Transportation to be without merit. Rule No. 1019(h) of the Pennsylvania Rules of Civil Procedure only requires a document to be attached when it forms the basis for the claim. The claim here is not based on that document but rather upon common law principles of indemnity.

Accordingly, we

ORDER

AND Now, this 13th day of December, 1977, the preliminary objections of Bethlehem Steel Corporation and Tensorex Engineering Company are hereby dismissed.