**Taylor v. Nourian**

*James E. Colleran* and *David J. Colleran,* for plaintiffs.

*Mark T. Perry,* for defendants Moskel, Nourian and Rahman.

*Michael P. Perry,* for defendant Scranton Counseling Center.

*Eugene P. Feeney,* for defendant Community Medical Center.

MINORA, *J.,* October 22, 2007—

## I. INTRODUCTION

Currently outstanding in this consolidated medical professional liability action are the following:

(1) The motion for summary judgment of the defendants Ali Nourian M.D., Muhammed Rahman M.D. and Peter Moskel M.D.

(2) The preliminary objections of the defendants Ali Nourian M.D., Muhammed Rahman M.D. and Peter Moskel M.D.

(3) The preliminary objections of defendants Scranton Counseling Center and Community Medical Center.

In the interests of judicial economy, we will dispose of the above with this comprehensive memorandum and order. By way of factual background, this medical malpractice action was commenced by the filing of a complaint on October 21, 2005. The complaint alleges that defendants were negligent for discharging the mother, plaintiff Janice Taylor, from the Community Medical Center in June of 2000, and for failing to recognize and appreciate the severity of Janice Taylor's psychiatric condition during her pregnancy in 1999-2000. As a result of this alleged negligence, Janice Taylor experienced a psychotic episode on July 14, 2000 and stabbed her then 4-year-old son, minor-plaintiff Zachary Taylor, numerous times and attempted to inflict harm upon herself and her unborn daughter, minor-plaintiff Claire Taylor, by overdosing on Thorazine and stabbing herself in the abdomen. As alluded to above, the claim of Janice Taylor and Brian Taylor filed to docket no. 2002 Civil 2879 has been consolidated with the related claim of the minor-plaintiffs Zachary Taylor and Claire Taylor filed to 2005 Civil 4254.

All of the outstanding preliminary objections and/or motions for summary judgment have been thoroughly submitted on brief and are ripe for disposition.

We will address the above in seriatum.

## II. MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS ALI NOURIAN M.D., MUHAMMED RAHMAN M.D. AND PETER MOSKEL M.D.

### A. *Standards for Summary Judgment*

In ruling on a motion for summary judgment, the court shall enter judgment whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. Under the rules, a motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only where the right to such a judgment is clear and free from doubt. See Pa. R.C.P. 1035.2 and *Toy v. Metropolitan Life Insurance Co.,* 928 A.2d 186, 194-95 (Pa. 2007). (internal citations omitted)

Keeping those principles in mind, we now turn to the specifics of defendant, Nourian's, Rahman's and Moskel's motion for summary judgment.

Moving defendants contend they are entitled to judgment as a matter of law since their actions cannot constitute "gross negligence" as a matter of law sufficient

to pierce the immunity provisions of the Mental Health Procedures Act. The specific section at issue is 50 P.S. §7114(a) which states:

"Section 7114. *Immunity from civil and criminal liability*

"(a) In the absence of willful misconduct or *Gross Negligence,* a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under this Act, or that a person be discharged, or placed under partial hospitalization, outpatient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for voluntary treatment or for involuntary emergency examination or treatment, shall not be civilly or criminally liable for such decision or for any of its consequences." (emphasis added)

In that regard, we note that plaintiffs have produced an expert report dated November 19, 2004 from one Dr. Robert M. Toborowsky which opines and supports a theory of gross negligence. (See exhibit "B" to plaintiffs' brief in opposition to the instant motion for summary judgment.)

Also, our colleague, the Honorable Trish Corbett, ruled in an order dated and filed February 15, 2005, that genuine issues of material fact exist as to whether the defendants' conduct can be deemed grossly negligent. (See exhibit "K" to plaintiffs' brief in opposition to the instant motion for summary judgment.)

It is obvious that Judge Corbett relied on the report of Dr. Toborowsky in making her ruling. Moreover, we

cannot alter the resolution of this legal issue previously decided by a trial judge of coordinate jurisdiction as it is now the law of the case. *Zane v. Friends Hospital,* 575 Pa. 236, 836 A.2d 25 (2003).

Therefore, any attempt to support a summary judgment motion based on 50 P.S. §7114 must be denied.

Also, moving defendants are supplementing their request for summary judgment based on the absence of a physician-patient relationship establishing a duty between the minor plaintiffs and moving defendants.

However, they are overlooking the fact that Pennsylvania has adopted Restatement (Second) of Torts, §324A which states:

"Section 324A. *Liability to third persons for negligent performance of undertaking*

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third persons upon the undertaking."

See *DiMarco v. Lynch Homes—Chester County Inc.,* 525 Pa. 558, 583 A.2d 422 (1990); *Haas v. Mateer,* no. 2005-1957, PICS no. 07-0713 Court of Common Pleas of Centre County—Judge Kistler (exhibit "A" to plain-

tiff's third supplemental brief in opposition to defendants' preliminary objections). Moreover in *DeJesus v. U.S. Department of Veterans Affairs,* 479 F.3d 271 (3d Cir. 2007), the court indicated that a defendant psychiatrist could owe a duty to third persons based on the Mental Health Procedures Act, 50 P.S. §7114(a) whenever a plaintiff can prove that a healthcare provider failed to meet his duty to refrain from gross negligence in decisions regarding treatment, discharge or commitment of a patient, thus rendering that healthcare provider liable for injury to the person or property of third parties where such injury resulted from the healthcare provider's grossly negligent failure to meet his responsibility. See *DeJesus v. U.S. Department of Veterans Affairs,* 479 F.3d 271, 282 (3d Cir. 2007); *Goryeb v. Pennsylvania Department of Public Welfare,* 525 Pa. 70, 575 A.2d 545 (1990); *Vattimo v. Lower Bucks Hospital Inc.,* 502 Pa. 241, 258, 465 A.2d 1231, 1240 (1983); *Sherk v. County of Dauphin,* 531 Pa. 515, 526, 614 A.2d 226, 232 (1992).

Therefore, since Judge Corbett already established that there are issues of material fact regarding the existence of "gross negligence" and a statutory duty to third persons is possible based on such gross negligence, we must deny moving defendants' motion for summary judgment based on an alleged absence of a physician-patient relationship and a duty to the third party minor-plaintiffs.

### III. THE PRELIMINARY OBJECTIONS OF THE DEFENDANTS, ALI NOURIAN M.D., MUHAMMED RAHMAN M.D. AND PETER MOSKEL M.D.

The preliminary objections of the defendants, Nourian, Muhammad and Moskel are two-fold:

(1) The plaintiffs have not pled gross negligence with the specificity required by Pa.R.C.P. 1019(a) and 1028(a)(3) and therefore paragraphs 61, 62 and 63 of their complaint should be stricken.

(2) Plaintiffs have failed to state a claim upon which relief can be granted based on the absence of a physician-patient relationship to the third party minor plaintiffs and therefore, a demurrer should be granted as per Pa.R.C.P. 1028(a)(4).

### A. *General Standards for Preliminary Objections in the Nature of a Demurrer and/or Motion To Strike*

A preliminary objection in the nature of a demurrer or a motion to strike can only be granted where the pleading is legally insufficient. We must accept as true all facts set forth in plaintiff's complaint as well as all inferences reasonably deducible therefrom.

We must determine that even if the facts alleged are accepted as true would the pleading permit recovery under any legal theory.

Finally, a demurrer can be granted only when it is clear and free from doubt that the law would not permit recovery under any legal theory and all doubts must be resolved against granting a demurrer. See *Hess v. Fox Rothschild LLP*, 925 A.2d 798 (Pa. Super. 2007).

In regards to whether or not plaintiffs have pled gross negligence with enough specificity to satisfy Pa.R.C.P. 1019, we note that the material facts upon which a cause of action is based must be stated in a concise and summary form. See Pa.R.C.P. 1019(a); *Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products Inc.*, 885 A.2d 1127 (Pa. Commw. 2005). We further note that a

plaintiff does not have to plead evidence. *PennDOT v. Bethlehem Steel Corporation,* 33 Pa. Commw. 1, 380 A.2d 1308 (1977).

In reviewing the sufficiency of a pleading, we look at the complaint as a whole and recognize that "sufficiency" is not capable of precise measurement. *Yacoub v. Lehigh Valley Medical Associates P.C.,* 805 A.2d 579 (Pa. Super. 2002), *appeal denied,* 573 Pa. 692, 825 A.2d 639 (2003); *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978).

In looking at the pleading as a whole in the context of the claim as presented, plaintiffs have sufficiently placed the defense on notice of their claim for gross negligence and whether a certain set of circumstances satisfies the definition of "gross negligence" is a question of fact to be determined by a jury and not as the result of a hyper-technical analysis of pleadings. See *Albright v. Abington Memorial Hospital,* 548 Pa. 268, 696 A.2d 1159 (1997).

Therefore, defendants Nourian's, Rahman's, and Moskel's preliminary objections in the nature of a motion to strike paragraphs 61, 62 and 63 of plaintiffs' complaint will be overruled, dismissed and denied.

As to the next preliminary objection in the nature of a demurrer based on the absence of a duty to the minor-plaintiffs based on the absence of a physician-patient relationship, we have already addressed those legal issues in section II of this memorandum and for the same reasons relative to the adoption of Restatement (Second) of Torts §324A, defendants Nourian's, Rahman's and Moskel's preliminary objections in the nature of a demurrer will be overruled, dismissed and denied.

## IV. THE PRELIMINARY OBJECTIONS OF DEFENDANTS COMMUNITY MEDICAL CENTER AND SCRANTON COUNSELING CENTER

Again, these preliminary objections in the nature of a demurrer per Pa.R.C.P. 1028(a)(4) are premised on a lack of duty and lack of physician-patient relationship between the minor children and the healthcare providers.

For the same reasons set forth in our analysis of the duty to third parties set forth in section II of this memorandum, the preliminary objections of defendant Community Medical Center and Scranton Counseling Center will be overruled, dismissed and denied.

A comprehensive order consistent with the above will follow.

## ORDER

And now to wit, October 22, 2007 upon consideration of the various motions for summary judgment and/or preliminary objections of the collective defendants and in accordance with the foregoing memorandum, the following rulings are made:

(1) The motion for summary judgment filed on behalf of defendants, Ali Nourian M.D., Muhammed Rahman M.D. and Peter Moskel M.D. is denied.

(2) The collective preliminary objections of defendants, Ali Nourian M.D., Muhammed Rahman M.D., Peter Moskel M.D., the Scranton Counseling Center and the Community Medical Center are overruled, dismissed and denied.