**George E. PODOLAK and Jacqueline A. Podolak, his wife, Appellants**

v.

**TOBYHANNA TOWNSHIP BOARD OF SUPERVISORS, and John E. Kerrick, Chairman; Heidi A. Pickard, Vice Chairman; Jamie B. Keener, Donald J. Moyer and Anne Lamberton, in their official capacities.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 2011.

Decided Feb. 23, 2012.

---

Wieslaw T. Niemoczynski, Stroudsburg, for appellants.

Patrick M. Armstrong, Perkasie, for appellees.

BEFORE: PELLEGRINI, Judge [1], and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

George E. Podolak and Jacqueline A. Podolak (the Podolaks) appeal the February 17, 2011, order of the Court of Common Pleas of Monroe County (trial court) sustaining the preliminary objections of the Tobyhanna Township Board of Supervisors; John E. Kerrick, Chairman; Heidi A. Pickard, Vice Chairman; Jamie B. Keener; Donald J. Moyer; and Anne Lamberton (collectively referred to as the Township) and dismissing with prejudice the Podolaks' complaint. For the reasons that follow, we reverse.

The Podolaks filed a complaint in equity on August 17, 2010, alleging that the Township failed to maintain a 293–foot stretch of Park Road (Road) adjacent to their property in Tobyhanna Township, Monroe County, Pennsylvania. The Podolaks claim that the Road had previously been maintained by the Township and was therefore a public road.[2] They requested

---

1. This case was assigned to the opinion writer on or before January 7, 2012, when Judge Pellegrini became President Judge.

2. More specifically, the Podolaks assert, *inter alia:*

 11. Park Road is a public road laid out on or about November 1910 by Pocono Summit Improvement Corporation originally extending from Pocono Lake State Road to Bailey Road, thence to Pocono Manor State Road, depicted in a plan of lots and roadways recorded in County Plat Book 1–A, page 135, on July 22, 1911. A true copy of the recorded plan is attached hereto made part hereof and marked Exhibit A.
 . . . .
 14. After its laying out, Park Road was used by the public over its entire length connecting to Bailey Road, thence to Pocono Manor State Road, for a period extending into the 1930s, and thereafter also used by the public into the present.
 15. Irrespective of deed of public dedication, Park Road along with Bailey Road gained designation as public road by virtue of the then existing Township Code at 53 P.S. Section 66105 (now 53 P.S. 67307) which declared roads used for public travel

that the Township resume administration, maintenance and repair of the Road, which had become overgrown and grassy. The Township filed preliminary objections on November 1, 2010, and the trial court permitted the Podolaks to file an amended complaint within twenty days.

On November 19, 2010, the Podolaks filed an amended complaint and included documentation in support of their claim that the Road was a public road. The Township filed preliminary objections to the amended complaint asserting that it should be dismissed for: 1) failure to exercise or exhaust a statutory remedy and for lack of jurisdiction; 2) legal insufficiency; 3) lack of specificity; 4) failure to join a necessary party; and 5) failure to comply with the rules of court and for legal insufficiency. Following oral argument on February 7, 2011, the trial court sustained each of the Township's preliminary objections and dismissed the Podolaks' amended complaint with prejudice. The Podolaks now appeal to this Court.

 Initially, we note that appellate review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or

which have been maintained and kept in repair by the expenditure of township funds for periods of at least 21 years and upwards to be public roads because both were used by the public for a period in excess of 21 years and maintained by the expenditure of township funds.
....
17. Park Road became a public road, later designated T626, either by dedication, express or implied, or by operation of law without separate deed of dedication pursuant to 53 P.S., Section 66105 or its predecessor provisions on or about 1933 due to being used by the public and maintained and kept in repair by the expenditure of township funds for a period of at least 21 years and upwards.
18. After the passage of Section 66105, the Township either added Park and Bailey Roads to the township public road inventory registered with the Pennsylvania Department of Transportation or confirmed them as part of already existing public road and applied to PennDot for reimbursement from Liquid Fuels Tax monies for road maintenance of Park Road.
19. The Pennsylvania Department of Transportation distributed monies from the State Liquid Fuels Tax revenues to the township from 1933 to 1966 on account of township roads including the one mile length of T626, Park Road to maintain the road, with the township using the funds received for that purpose.
20. The Official Pennsylvania Department of Transportation General Highway Maps of Monroe County Pennsylvania dated 1941 and 1961 show Park Road in Tobyhanna Township to be a public road running from Pocono Lake State Road to Bailey Road, thence to Pocono Manor State Road, and designated T626. A true copy of the relevant map excerpts, as certified by the Pennsylvania Department of Transportation as of January 19, 2010 are attached hereto and made part hereof, and marked Exhibits B and C.
....
22. T626, Park Road, was a through public road maintained by the Township up until the realignment of SR 940 in the mid 1960s, when it was severed just after its intersection with Norton–Pryor Road and just below the Podolak property by construction of a ramp for SR 940.
....
24. Park Road, T626, still exists, has never been officially vacated, and is maintained by the township for only a portion of its full length, neglecting the 293 feet which runs past the Podolak property to its end, which has suffered as a result.
....
26. There is no public record of T626, Park Road, being vacated by the township through an ordinance as required by law. A true copy of the letter from the Monroe County Prothonotary/Clerk of Courts confirming no record of an ordinance vacating T626 is attached hereto, made part hereof and marked Exhibit D.
27. There is no public record of a vacating of the roadway T626, Park Road, by agreement of the abutting property owners.
(Amended Complaint, R.R. at 3–7.)

committed an error of law. *Petty v. Hospital Service Association of Northeastern Pennsylvania*, 967 A.2d 439, 443 n. 7 (Pa. Cmwlth.2009). In reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt. *Id.* Such review raises a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. *Id.*

■ The first preliminary objection raised by the Township was failure to exercise or exhaust statutory remedy and lack of jurisdiction pursuant to Pa.R.C.P. No. 1028(a)(1) and (7). Section 2304 of the Second Class Township Code (Code),[3] states in relevant part:

(a) The board of supervisors may by ordinance enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and bridges and parts thereof which are located wholly or partially within the township.

. . . .

(c) When any petition is presented to the board of supervisors requesting the board of supervisors to open or vacate a specific road in the township and the board of supervisors fails to act on the petition within sixty days, the petitioners may present their petition to the court of common pleas which shall proceed thereon under the act of June 13, 1836 (P.L. 551, No. 169), referred to as the General Road Law.[4] If the board of supervisors acts on the petition but denies the request of the petition, the board of supervisors shall notify the person designated in the petition of its denial. If the request of the petition is denied, the petitioners, or a majority of them, may within thirty days after re-

ceipt of the notice petition the court of common pleas for the appointment of viewers and proceedings shall be taken thereon under the General Road Law. 53 P.S. § 67304. The trial court determined that the proper method for compelling a township to open and maintain a road is governed by section 2304 of the Code and that the Podolaks were required to pursue this statutory remedy. However, the Podolaks are not requesting that a road be "enact[ed], ordain[ed], survey[ed], la[id] out, open[ed], widen[ed], straighten[ed], vacate[d][or] relay[ed]." Instead, they are asking the Township to maintain a road that the Podolaks have averred, in their amended complaint, *is* a public road. Considering all well pleaded facts as true, the remedy provided for in section 2304 of the Code is not applicable in this case, and the trial court erred in granting the preliminary objection pursuant to Pa.R.C.P. No. 1028(a)(1) and (7).

■ The second preliminary objection raised was a demurrer for legal sufficiency pursuant to Pa.R.C.P. No. 1028(a)(4).

In ruling on a demurrer, a court must accept as true all well-pleaded material allegations, as well as all inferences reasonably deduced therefrom. Moreover, in order to sustain a demurrer, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain the demurrer.

*Glenn v. Horan*, 765 A.2d 426, 430 (Pa. Cmwlth.2001) (citation omitted). Further, the complaint need not cite evidence, but only those facts necessary for the defendant to prepare a defense. *Department of Transportation v. Bethlehem Steel Corp.*, 33 Pa.Cmwlth. 1, 380 A.2d 1308, 1313 (1977). Allegations will withstand chal-

**3.** Act of May 1, 1933, P.L. 103, *as amended,* added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67304.

**4.** 36 P.S. §§ 1781–1785.

lenge where they contain averments of all of the facts the plaintiff will eventually have to prove in order to prevail and they are sufficiently specific so as to enable defendant to prepare a defense. *Id.*

In order to prevail, the Podolaks must show that the Road is a public road. The trial court based its grant of this preliminary objection on *Warner–Vaught v. Fawn Township*, 958 A.2d 1104 (Pa.Cmwlth. 2008). In *Warner–Vaught*, a property owner brought an action in mandamus seeking an order to direct the township to maintain a public road along her property line. Ultimately, this Court affirmed the trial court's decision to deny the property owner's appeal because she failed to meet her burden of proving the existence of a public road. For purposes of the case at bar, the opinion reviews three methods for establishing the existence of a public road, which the Podolaks ultimately will have to do: 1) introduce court records showing that the road was opened under the act commonly known as the General Road Law;[5] 2) show that the road was established under Section 2307 of the Code, 53 P.S. § 67307;[6] or 3) show "by prescription, requiring uniform, adverse, continuous use of the road under claim of right by the public for twenty-one years." *Warner–Vaught*, 958 A.2d at 1108 (citing *Stewart v. Watkins*, 427 Pa. 557, 559, 235 A.2d 604, 605 (1967)).

Here, the trial court concluded that the Podolaks' mere allegations were insufficient to establish that the Road was ever held out as a public road or maintained by the Township, and that the attachments to the amended complaint were insufficient to corroborate the Podolaks' claims. The tri-

al court further indicated that the Podolaks could not identify any specific evidence of public travel or maintenance along the Road, nor could they produce any documentation that the Road was held out as a public road.

■ However, as previously noted, "a case is not tried at the preliminary objection phase of litigation," *General State Authority v. The Sutter Corporation*, 69 Pa. Cmwlth. 504, 452 A.2d 75, 78 (1982) (citing *Department of Transportation v. Bethlehem Steel Corp.*, 33 Pa.Cmwlth. 1, 380 A.2d 1308, 1313), and the Podolaks are not required to produce evidence at this point in the proceedings to prove their allegations. Based on the facts asserted, it does not appear with certainty that the law will not provide relief to the Podolaks. Because there is a possibility that the Podolaks could recover if the facts alleged are proved true, the trial court erred in granting the preliminary objection pursuant to Pa.R.C.P. No. 1028(a)(4). *Glenn v. Horan.*

■ The third preliminary objection raised was a lack of specificity in the pleading pursuant to Pa.R.C.P. No. 1028(a)(3).

> The pertinent question under Rule 1028(a)(3) is whether the complaint is sufficiently clear to enable the defendant to prepare his defense, or whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.

*Rambo v. Greene*, 906 A.2d 1232, 1236 (Pa.Super.2006) (quotation marks omitted). The trial court sustained this preliminary

---

**5.** Act of June 13, 1836, P.L. 551, 36 P.S. §§ 1781–1785.

**6.** Added by Section 1 of the Act of November 9, 1995, P.L. 350. This section of the Code replaced section 1105 of the Code, 53 P.S.

§ 66105, "which provided for a conclusive presumption of the existence of a public road based on use of the road for public travel and its maintenance by the Township for at least twenty-one years." *Warner–Vaught*, 958 A.2d at 1107 n. 3.

objection on the grounds that the Podolaks' amended complaint was "rife with vague allegations that Tobyhanna Township maintained the subject portion of Park Road as a public road at some point." (Tr. court Op. at A–9.) The trial court also emphasized that the Podolaks did not identify any records indicating that the 293 feet section of Park Road was ever maintained as a public road and that they did not identify Park Road's present condition, current owner, or any evidence that the road was once used by the public and maintained by Tobyhanna Township as a public road. *Id.*

As stated previously, the Podolaks are not required to produce evidence at this point in the proceedings to prove their allegations. Yet, they provided documents from the Pennsylvania Department of Transportation that appear to indicate that the state liquid fuels tax fund was used for the stretch of road labeled T–626. *See* R.R. at 10–13. In addition, although the Podolaks admit that there is no separate deed of public dedication, they do provide dates for the timeframe that the Road allegedly was used as a public road. Therefore, the Podolaks pled facts sufficient to permit the Township to prepare a defense, and the trial court erred in granting the preliminary objection pursuant to Pa.R.C.P. No. 1028(a)(3).

Finally, the fourth preliminary objection raised by the Township was failure to join a necessary party pursuant to Pa.R.C.P. No. 1028(a)(5). "[A] necessary party is one whose presence, while not indispensable, is essential if the court is to resolve completely a controversy and to render complete relief." *Pennsylvania Human Relations Commission v. School District of Philadelphia,* 167 Pa.Cmwlth. 1, 651 A.2d 177, 184 (1993). The trial court reasoned that it could not completely resolve this controversy because it was not clear from the record who owns the property on which the Road is located. However, in their amended complaint, the Podolaks assert that *the Township* is the actual owner of the Road. If the Township has reason to believe that another party owns the Road, it can assert as much in its Answer to the Podolaks' amended complaint. At this juncture, however, there is only the trial court's suggestion that an unidentified party may have an interest in the proceedings, and, under these circumstances the trial court erred in sustaining the Township's final preliminary objection.

For the reasons stated above, we reverse the order of the trial court.

### ORDER

AND NOW, this 23rd day of February, 2012, the February 17, 2011, order of the Court of Common Pleas of Monroe County is reversed.