<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Penny Gustafson,     :
     Appellant   :
          :
   v.      :
          :
American Federation of State, County, :
and Municipal Employees, Council 13; :
American Federation of State, County, :
and Municipal Employees, District  :
Council 83; and American Federation of :
State, County, and Municipal   :  No. 1298 C.D. 2022
Employees, Local 2047    :  Argued: December 6, 2023


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE STACY WALLACE, Judge

OPINION BY
JUDGE COVEY        FILED: February 20, 2024

   Penny Gustafson (Appellant) appeals from the Cambria County Common Pleas Court's (trial court) February 10, 2022 order: (1) sustaining the American Federation of State, County, and Municipal Employees (AFSCME), Council 13's, AFSCME, District Council 83's, and AFSCME, Local 2047's (collectively, AFSCME) first, second, and third preliminary objections to Appellant's Complaint, and dismissing as moot AFSCME's fourth, fifth, and sixth preliminary objections to Appellant's Complaint (collectively, Preliminary Objections); (2) denying AFSCME's Motion for Leave to File Brief *Nunc Pro Tunc*; and (3) dismissing Appellant's Complaint with prejudice. Appellant presents one

issue for this Court's review: whether the trial court erred by sustaining AFSCME's first Preliminary Objection in the nature of a demurrer, and dismissing Appellant's Complaint where she set forth a legally cognizable cause of action for damages arising out of AFSCME's alleged breach of its duty of fair representation. After argument, and upon careful review, this Court reverses and remands to the trial court.

The Commonwealth of Pennsylvania (Commonwealth), Department of Human Services (DHS), employs Appellant as a residential services aide at Ebensburg Center. Appellant is in a bargaining unit represented by AFSCME.[1] DHS removed Appellant from direct resident care for a period of three weeks while it investigated her for alleged workplace misconduct. Appellant was not eligible to work overtime during the period of investigation. Appellant asked AFSCME, Local 2047 to file a grievance on her behalf because of ostensible lost overtime opportunities during the three-week investigation. AFSCME, Local 2047 filed a grievance on her behalf; however, without notifying Appellant, AFSCME, Local 2047 settled the grievance, rather than proceeding to arbitration.

On September 22, 2021, Appellant filed the Complaint in the trial court, therein alleging AFSCME's failure to fairly represent her during a workplace investigation and subsequent grievance proceeding. Appellant requested that the trial court: (1) enter judgment against AFSCME; (2) award compensatory and punitive damages; (3) award costs and fees, including reasonable attorneys' fees; and (4) award such other relief as the trial court deems appropriate. Appellant also demanded a jury trial pursuant to Pennsylvania Rule of Civil Procedure 1007.1. On October 28, 2021, AFSCME filed its Preliminary Objections averring: (I) demurrer/insufficient specificity and legal insufficiency - claim for damages on duty of fair representation claim; (II) demurrer/legal insufficiency - claim for punitive

_____

[1] Appellant was previously a member of AFSCME, but resigned her membership in June 2019.

2

damages improper in a duty of fair representation case; (III) demurrer/legal insufficiency - claim for attorneys' fees and costs improper in a duty of fair representation case; (IV) demurrer/legal insufficiency - request for jury trial improper in a duty of fair representation case; (V) nonjoinder of a necessary party (the Commonwealth); and (VI) lack of jurisdiction.[2]

On February 10, 2022, the trial court: (1) sustained AFSCME's first, second, and third Preliminary Objections, and dismissed as moot AFSCME's fourth, fifth, and sixth Preliminary Objections; and (2) dismissed Appellant's Complaint with prejudice. Appellant appealed to this Court.[3]

Appellant argues that, because the Public Employe Relations Act (PERA)[4] does not govern or limit the relief Appellant may seek for AFSCME's breach of its duty of fair representation, she is not constrained to seek arbitration of a claim that only the union is responsible for mishandling. Appellant contends that the duty of fair representation in this Commonwealth is based in common law and does not implicate PERA when only a union's misconduct is at issue. Specifically, Appellant asserts that, where, as alleged herein, a union intentionally,

---

[2] On November 9, 2021, AFSCME filed an untimely brief. On November 12, 2021, AFSCME filed a Motion for Leave to File Brief in Support of Preliminary Objections (Motion). On February 10, 2022, the trial court denied the Motion.

[3] [This Court's] review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. In reviewing preliminary objections, all well[-]pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt. Such review raises a question of law; thus, our standard of review is *de novo* and our scope of review is plenary.

*Podolak v. Tobyhanna Twp. Bd. of Supervisors*, 37 A.3d 1283, 1286-87 (Pa. Cmwlth. 2012) (citations omitted).

[4] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101-1101.2301.

3

discriminatorily, and in bad faith "botches" an employee's grievance, established precedent and justice dictate that the union alone must answer for its misconduct in damages. Appellant Br. at 10. Appellant maintains that to hold otherwise would allow unions to "run roughshod" over public employees' rights and prevent those affected by union wrongdoing from ever obtaining meaningful relief. *Id*. Further, Appellant declares that limiting an aggrieved employee's relief to arbitrating a claim that her union already mishandled would abrogate the essence of the fiduciary duty of fair representation the Pennsylvania Supreme Court pronounced in *Falsetti v. Local Union No. 2026, United Mine Workers of America*, 161 A.2d 882 (Pa. 1960).

AFSCME rejoins that the Pennsylvania Supreme Court's decision in *Martino v. Transport Workers' Union of Philadelphia, Local 234*, 480 A.2d 242 (Pa. 1984), is binding precedent that limits Appellant's remedy to an equitable one because she has not, by specific facts, pled collusion and/or conspiracy between the Commonwealth and AFSCME to deprive her of rights under the applicable collective bargaining agreement (CBA). Specifically, AFSCME retorts that, in *Martino*, our Supreme Court expressly considered whether the remedy available in duty of fair representation cases arising under federal labor law should govern for Commonwealth public-sector workers, and the *Martino* Court expressly declined to adopt the private-sector remedial scheme that Appellant has asked this Court to apply.

Initially, in *Falsetti*,[5] our Supreme Court explained:

> The aggrieved member-employee, limited to seeking relief against the [u]nion, is not without effective remedy. In entering into [a CBA], the [u]nion has assumed the role of trustee for the rights of its members and other employees in the bargaining unit. The employees, on the other hand, have become beneficiaries of fiduciary obligations owed by the [u]nion. As a result, the [u]nion

---

[5] *Falsetti* was decided before PERA was enacted.

4

bears a heavy duty of fair representation to all those within the shelter of its protection. **If the [u]nion, in processing an employee's grievance, does not act in good faith, in a reasonable manner**[,] **and without fraud, it becomes liable in damages for breach of duty**. In this way, the employee is recompensed for the harm [s]he had suffered, and yet the process of collective bargaining, in the industry is meaningfully preserved.

*Id*. at 895-96 (emphasis added; citations and footnote omitted).

The United States (U.S.) Supreme Court addressed the issue of whether an employee who files a duty of fair representation claim against a union is limited to a remedy of arbitration in *Vaca v. Sipes*, 386 U.S. 171 (1967), explicating:

[The p]etitioners urge that an employee be restricted in such circumstances to a decree compelling the employer and the union to arbitrate the underlying grievance. It is true that the employee's action is based on the employer's alleged breach of contract plus the union's alleged wrongful failure to afford him his contractual remedy of arbitration. For this reason, **an order compelling arbitration should be viewed as *one* of the available remedies when a breach of the union's duty is proved. But we see *no reason* inflexibly *to require arbitration in all cases*. In some cases**, for example, **at least part of the employee's damages may be attributable to the union's breach of duty**, and *an arbitrator may have no power under the bargaining agreement to award such damages against the union*. In other cases, the arbitrable issues may be substantially resolved in the course of trying the fair representation controversy. **In such situations, the court should be free to decide the contractual claim and to award the employee appropriate damages or equitable relief**.

*Id*. at 196 (bold and italic emphasis added; footnote omitted).[6]

---

[6] The *Vaca* Court further explained:

A more difficult question is, what portion of the employee's damages may be charged to the union[;] in particular, may an award against a union include . . . damages attributable solely to the

5

Our Supreme Court reaffirmed *Falssetti* in *Ziccardi v. Department of General Services*, 456 A.2d 979 (Pa. 1982), therein expounding:

> The Commonwealth Court's conclusion that an employee may file an unfair labor practice against its bargaining agent is erroneous. **The union's refusal to submit a grievance to arbitration does not fall under any of the categories of unfair labor practices enumerated in Section 1201(b) of PERA**[, 43 P.S. § 1101.1201(b)]. *See also Falsetti. . . .* In *Falsetti*[,] th[e Pennsylvania Supreme] Court held that a public employee's remedy for his bargaining agent's refusal to submit a grievance to arbitration is an action against the union for damages for breach of its duty of fair representation.
>
> Under *Falsetti*, **a member of a bargaining unit has a right to sue his union for failure to proceed to arbitration when the complaint alleges bad faith**. Of course, the union, like any fiduciary, must be given broad discretion in determining whether to pursue the remedy.

---

employer's breach of contract? We think not. **Though the union has violated a statutory duty in failing to press the grievance**, **it is the employer's unrelated breach of contract which triggered the controversy and which caused this portion of the employee's damages**. The employee should have no difficulty recovering these damages from the employer, who cannot, as we have explained, hide behind the union's wrongful failure to act; in fact, the employer may be (and probably should be) joined as a defendant in the fair representation suit[.] . . . It could be a real hardship on the union to pay these damages, even if the union [was] given a right of indemnification against the employer. With the employee assured of direct recovery from the employer, we see no merit in requiring the union to pay the employer's share of the damages.

The governing principle, then, is to apportion liability between the employer and the union according to the damage caused by the fault of each. Thus, damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer.

*Id.* at 196-98 (emphasis added; citation and footnote omitted).

6

> *Falsetti* . . . . Furthermore, the issue of just cause does not determine liability for this breach. Whether there was just cause becomes relevant on the issue of damages, only after bad faith has been shown. For these reasons, the Commonwealth Court's [O]rder sustaining preliminary objections as to the action against the union must be vacated and the case remanded for further proceedings consistent with this [O]pinion.

*Ziccardi*, 456 A.2d at 980-81 (emphasis added; footnote omitted).

Notwithstanding the above, AFSCME maintains that *Martino* supports its position that the only permitted remedy herein is arbitration. While at first blush *Martino* may appear to support AFSCME's position, a thorough reading of that Opinion instructs otherwise. Specifically, in *Martino*,

> [t]he sole question for our [Supreme Court's] consideration [wa]s whether a public employee is totally precluded from obtaining any relief directly or indirectly, **involving his public employer**, for discharge in arguable breach of a [CBA] when the union has violated its duty of fair representation by failing in bad faith to pursue his grievance to impartial arbitration.

*Id*. at 243 (emphasis added). The *Martino* Court held:

> [B]efore a court in equity may entertain a complaint **seeking to order arbitration**, the complainant must prove that the union acted in bad faith towards its member. Once it has been determined that the union breached its duty of fair representation, the [c]ourt of [c]ommon [p]leas sitting in equity ma[]y order the completion of the arbitration procedure and, **in cases governed by state labor law**[,] **its power is limited to that remedy**.[7]

*Id*. at 252 (emphasis added).

---

[7] This Court acknowledges that, although the *Martino* Court disapproved of *Falsetti*, it did not overrule *Falsetti*, and it left *Ziccardi* intact.

7

However, the *Martino* Court explained:

Our legislature mandates []:

> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

[Section 1504 of the Statutory Construction Act of 1972,] 1 Pa.C.S. § 1504. Our holding that the chancellor lacks authority to resolve the underlying grievance is consistent with that statutory provision and the strong policy favoring arbitration of public sector grievances embodied in Section 903 of PERA[, 43 P.S. § 1101.903]. Moreover, our holding that **the chancellor *may*, if the employee establishes the union's breach of its duty of fair representation, order arbitration of the underlying grievance *nunc pro tunc* provides the employee with a complete and adequate legal remedy**.[FN]14 *See* D. Feller, *A General Theory of the Collective Bargaining Agreement*, 61 Cal.L.Rev. 663, 813 (1976).[FN]15

> [FN]14 Unlike *Ziccardi*, Martino's complaint against the union and [Southeastern Pennsylvania Transportation Authority] seeks an order directing the union to **undertake its duty to represent him and to initiate arbitration proceedings *nunc pro tunc***.

> [FN]15 The [U.S. Supreme C]ourt in *Vaca* assigned two reasons for the proposition that the court could reach the underlying grievance in actions based on the union's breach of its duty of fair representation. First, the [*Vaca*] Court stated that "[i]n some cases at least part of the employee's damages may be attributable to the union's breach of duty, and **an arbitrator may have no power under the bargaining agreement to award such damages against the union**." 386 U.S. at 196 . . . . However, "it is perfectly possible, and indeed desirable, to couple an order directing the

8

union to process the grievance with an order imposing liability on the union for any additional damages suffered by the employee if it should be found in arbitration that the grievance was justified, without jumping to the conclusion that, in order to do so, the court must itself decide the merits of the grievance." Feller, *supra*, 61 Cal.L.Rev. at 814.

The *Vaca* [C]ourt's second reason for not limiting the remedy to an order to process the grievance was that "the arbitrable issues may be substantially resolved in the course of trying the fair representation controversy . . . ." 386 U.S. at 196[.] . . . **It does not follow**, however, **that the court should proceed to decide the merits**.

> [T]here are differences in the quality of judgment and the standards to be applied in arbitration as compared with the judicial forum . . . and considerable differences . . . in the remedies available . . . .

Feller, *supra*, at 815.

*Martino*, 480 A.2d at 251-52 (emphasis added).

Here, Appellant avers that AFSCME discriminated against her for not being a union member. Appellant is not seeking an order directing the union to undertake its duty to represent her and/or to initiate arbitration proceedings *nunc pro tunc* on her behalf. Further, Appellant is not asking the court to decide the merits of her grievance. Moreover, Appellant is not alleging wrongdoing on her employer's part. Rather, Appellant's sole claim is that AFSCME failed to fairly represent her during a workplace investigation and subsequent grievance proceeding.

In her Complaint, wherein "all well[-]pleaded relevant and material facts are to be considered as true," *Podolak v. Tobyhanna Twp. Bd. of Supervisors*, 37 A.3d 1283, 1287 (Pa. Cmwlth. 2012), Appellant alleged:

> 47. [Appellant] asked [AFSCME, Local 2047 shop steward Doug Myers (]Myers[)] to explain the resolution

of [her] grievance and the reason for the delay in delivering it to her. She asked Myers, "How can this be?" In response, Myers grinned and said, "You're right, it can't be," and walked away.

48. On information and belief, **Myers purposely delayed delivering** [**Appellant**] **the grievance resolution letter**.

49. On or about July 7, 2020, [Appellant] called to discuss the handling of her grievance with Dominic Sgro, Director of [AFSCME,] District Council 83 [(Sgro)].

50. Sgro told [Appellant] that he was not familiar with her situation because he "deals with hundreds of people," but stated that he would look into it.

51. On the July 7, 2020 phone call, **Sgro called** [**Appellant**] **a "free rider" when he learned that she was not a member of AFSCME**.

52. Over three months later, on or about October 15, 2020, [Appellant] finally reached Sgro again by phone via conference call, within hearing of witnesses.

53. In the October 15, 2020 phone call, **Sgro told** [**Appellant**] **that she is "sponging" off the union and its members** and that he "knows what happened" **and** that [Appellant] **got "minimal" or "limited" representation because she is a "freeloader.**"

Reproduced Record at 12a (emphasis added). Clearly, Appellant is seeking damages for AFSCME's breach of its fair representation duty because she was not a union member. Such a claim is not an unfair labor practice under PERA. *See Ziccardi*. Accordingly, because it is not "free and clear from doubt[,]" that Appellant cannot proceed on a claim for damages on her duty of fair representation claim, the trial court erred by sustaining AFSCME's first Preliminary Objection and dismissing the Complaint. *Podolak*, 37 A.3d at 1287.

For all of the above reasons, the trial court's order sustaining the first Preliminary Objection is reversed, the Complaint is reinstated, and the matter is remanded to the trial court for further proceedings, including reconsideration of the

10

second and third Preliminary Objections, and consideration of the remaining Preliminary Objections **consistent with this Opinion**.


_____
ANNE E. COVEY, Judge


Judge Dumas did not participate in the decision in this matter.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Penny Gustafson,                 :
           Appellant        :
                            :
        v.                 :
                            :
American Federation of State, County,  :
and Municipal Employees, Council 13;  :
American Federation of State, County,  :
and Municipal Employees, District    :
Council 83; and American Federation of :
State, County, and Municipal        :   No. 1298 C.D. 2022
Employees, Local 2047          :

## O R D E R

AND NOW, this 20th day of February, 2024, the Cambria County Common Pleas Court's (trial court) February 10, 2022 order sustaining the American Federation of State, County, and Municipal Employees' (AFSCME), Council 13's, AFSCME, District Council 83's, and AFSCME, Local 2047's first Preliminary Objection is REVERSED. The Complaint is REINSTATED, and the matter is REMANDED to the trial court for further proceedings in accordance with this Opinion.

Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge