DLD-283                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1860
_____

DAVID SOLAN,

Appellant

v.

DONNA ZICKEFOOSE, WARDEN OF FCI FORT DIX, ANY SUCCESSOR
WARDENS TO HER AT FCI FORT DIX AND/OR ANY WARDENS AT ANY
OTHER FCF TO WHICH PLTF. MAY BE TRANSFERRED BY THE BOP WHILE
THIS LAWSUIT IS PENDING
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-01895)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 13, 2013

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: June 25, 2013)

_____

OPINION
_____

PER CURIAM

Pro se appellant David Solan appeals the District Court's order granting summary judgment to the defendant, Donna Zickefoose, the former warden of the prison where Solan is being held. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). For the reasons set forth below, we will summarily affirm the District Court's order.

This case concerns the Trust Fund Limited Inmate Computer System (TRULINCS), a Federal Bureau of Prisons (BOP) program designed to, among other things, make a form of e-mail available to prisoners. See Federal Bureau of Prisons, TRULINCS FAQs, http://www.bop.gov/inmate_programs/trulincs_faq.jsp (last visited June 10, 2013). While TRULINCS was made available at all BOP facilities on February 2, 2011, see id., BOP Program Statement 5265.13 permits the warden to "limit or deny the privilege of a particular inmate." As relevant here, Program Statement 5265.13 provides that "[i]nmates are excluded from electronic messaging when it is determined that their use would threaten the safety, security, or orderly running of the institution or the protection of the public and staff." As an example, the Program Statement explains that "an inmate with a personal history or special skills or knowledge of using computers/email/Internet or other communication methods as a conduit for committing illegal activities will be excluded." Id.

2

Warden Zickefoose has barred Solan from using TRULINCS e-mail. In a written statement, Warden Zickefoose justified her decision on two grounds: (1) Solan has significant pre-incarceration computer expertise; and (2) Solan was punished at his previous prison for misusing the computer system to tamper with other inmates' legal work. After challenging Warden Zickefoose's decision, without success, through the administrative system, he filed a complaint in the District Court. He claimed, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), that Warden Zickefoose violated his rights under the First Amendment, the Due Process Clause, and the Equal Protection Clause by excluding him from the e-mail system, and that the relevant Program Statement violates the Administrative Procedure Act (APA). The District Court concluded that Warden Zickefoose was entitled to qualified immunity on the constitutional claims and granted summary judgment to her on all claims, and Solan appealed to this Court.

We will affirm the District Court's judgment. As to Solan's First Amendment claim,[1] we agree that prisoners maintain a First Amendment "right to communicate with family and friends," and that e-mail can be a means of exercising this right. Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002). Thus, the critical question is whether the prison's decision to exclude Solan from using e-mail "is reasonably related to

---

[1] The first prong of the qualified-immunity analysis is "whether the official's conduct violated a constitutional or federal right," Ray v. Twp. of Warren, 626 F.3d 170, 174 (3d Cir. 2010), and because this prong is dispositive in this case, we do not reach the second prong.

legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In making the "reasonableness" inquiry, we consider (1) "whether there is a valid, rational connection between the prison regulation and the legitimate interest put forth to justify it"; (2) "whether inmates have an alternative means of exercising the right"; (3) "the burden on prison resources that would be imposed by accommodating the right"; and (4) "whether there are alternatives to the regulation that fully accommodate the inmate's rights at de minimis cost to valid penological objectives." Fontroy v. Beard, 559 F.3d 173, 177-78 (3d Cir. 2009) (internal quotation marks omitted). Throughout the analysis, "[w]e afford substantial deference to the DOC's professional judgment." Id. (internal quotation marks omitted).

Here, as the District Court concluded, Warden Zickefoose has asserted a valid reason for her decision. Solan has both the knowledge (based on his history with computers) and the apparent inclination (based on his previous prison misconduct) to use e-mail for improper purposes, and thus threaten the privacy of other prisoners and jeopardize the security of the prison. Warden Zickefoose's response directly addresses this danger, while also leaving Solan free to communicate with friends and family through the phone, in-person visits, and the regular-mail system. Solan has not offered any meaningful alternatives to this arrangement, and in light of the substantial deference to which the prison's judgments are entitled, see Cutter v. Wilkinson, 544 U.S. 709, 725

n.13 (2005), we discern no error in the District Court's order granting summary judgment to Warden Zickefoose.[2]

Solan fares no better on his due process claim. The protections of the Due Process Clause are triggered only if there is a deprivation of a protected interest in life, liberty, or property. See Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). We agree with the District Court that Solan has not identified any property or liberty interest implicated by Warden Zickefoose's refusal to give him access to e-mail. See Beaulieu v. Ludeman, 690 F.3d 1017, 1047 (8th Cir. 2012); Valdez, 302 F.3d at 1045. Accordingly, Solan's procedural-due-process claim necessarily fails.

Likewise, we agree with the District Court's disposition of Solan's equal protection claim. Solan sought to present a "class of one" claim, which required him to show "that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." PG Publ'g Co. v. Aichele, 705 F.3d 91, 114 (3d Cir. 2013) (internal quotation marks omitted). Here, Solan has failed to identify any other prisoner who has computer expertise and has been sanctioned for computer misuse while incarcerated who has nevertheless been permitted

---

[2] Solan acknowledges that he was disciplined in his previous prison, but claims that he was innocent of the charges, raising the same arguments that were rejected in that disciplinary proceeding. However, Solan has presented no evidence that Warden Zickefoose's reliance on this disciplinary action was pretextual, cf. Abu–Jamal v. Price, 154 F.3d 128, 134 (3d Cir. 1998), and under the deferential standard that we apply here, we conclude that it was reasonable for Warden Zickefoose to accept the validity of this citation. See generally DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000).

to use prison e-mail; therefore, the District Court properly granted judgment to Warden Zickefoose on this claim.

Finally, we will affirm the District Court's resolution of Solan's claims under the Administrative Procedure Act. As an initial matter, Solan cannot state a valid claim concerning Warden Zickefoose's application of Program Statement 5265.13 to his circumstances. Program Statements are "internal agency guidelines," rather than "published regulations subject to the rigors of the Administrative Procedure Act," Reno v. Koray, 515 U.S. 50, 61 (1995) (internal quotation marks, alteration omitted), and thus "do not create entitlements enforceable under the APA," Robinson v. Sherrod, 631 F.3d 839, 842 (7th Cir. 2011). To the extent that Solan contends that Program Statement 5265.13 is contrary to the enabling statute, his claim likewise fails. Program Statements are "entitled to some deference," Reno, 515 U.S. at 61, and will be upheld unless they are "inconsistent with the clear language of the statute," Roussos v. Menifee, 122 F.3d 159, 164 (3d Cir. 1997). The enabling statute, 18 U.S.C. § 4042(a)(2), authorizes the BOP to "provide for the safekeeping, care, and subsistence" of Federal prisoners. We conclude that the Program Statement is entirely consistent with § 4042. See generally Bunn v. Conley, 309 F.3d 1002, 1010 (7th Cir. 2002).[3]

Accordingly, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] We assume for purposes of this case that this statute is not so broad as to render the Program Statement unreviewable. See 5 U.S.C. § 701(a)(2).