# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Thomas, : 
            Appellant : 
             : 
          v. : No. 1139 C.D. 2017 
             : Submitted: January 12, 2018 
John E. Wetzel, Health Care : 
Services, Tabb Bickell, James : 
Eckard, and Shawn Kephart : 


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: May 18, 2018

Gregory Thomas, *pro se*, appeals an order of the Court of Common Pleas of Huntingdon County (trial court) dismissing his civil rights complaint. In doing so, the trial court sustained the preliminary objections of the Secretary of Corrections, John E. Wetzel; three Department of Corrections (Department) employees, Tabb Bickell, James Eckard, and Shawn Kephart (together, Department Officials); and the Department's Bureau of Health Care Services (Bureau). Upon review, we affirm in part and reverse in part, and remand for further proceedings.

## Background

Thomas is incarcerated at the State Correctional Institution (SCI) at Huntingdon. At issue are his requests to purchase an electric razor and a laptop computer and for surgery to restore his dental bridge, which were denied. After his

administrative grievances were denied, he filed a Section 1983[1] complaint against Department Officials and the Bureau, alleging violations of his rights under the First and Eighth Amendments to the United States Constitution and under the Religious Land Use and Institutionalized Persons Act (RLUIPA).[2]

Thomas' complaint raises three discrete claims. First, the complaint states that the denial of an electric razor prevents Thomas from practicing his Muslim faith. Second, the complaint asserts that the denial of dental surgery violates Thomas' rights under the Eighth Amendment to the United States Constitution. Third, the complaint asserts that the denial of Thomas' request to purchase a computer violates his rights of free speech and free exercise of religion. The facts relevant to each claim follow.

The complaint alleges that Thomas' Islamic religion requires him "to shave his private parts and other parts of his body." Complaint, ¶20; Certified Record (C.R.), Item No. 2 at 4. Accordingly, he requested a religious accommodation to purchase an electric razor. In denying that request, Department Officials directed him to contact the "medical [department] to see if there is a

---

[1] Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. §1983. To hold a state actor liable under Section 1983 "a plaintiff must prove a deprivation of a right guaranteed by the Constitution or the laws of the United States by a defendant acting under color of law." *Pettit v. Namie*, 931 A.2d 790, 801 (Pa. Cmwlth. 2007). "A Section 1983 action may be brought in state court." *Jae v. Good*, 946 A.2d 802, 809 (Pa. Cmwlth. 2008). "Section 1983 does not create substantive rights but, rather, is the vehicle for vindicating rights conferred in the United States Constitution or in federal statutes." *Id.*

[2] 42 U.S.C. §§2000cc–2000cc–5.

medical basis for him to use an electric razor[.]" Complaint, ¶28; C.R., Item No. 2 at 5. Thomas informed the medical department that "his religion prohibit[s] him from using straight razors"; he has pain in his hands; and he has developed skin keloids from using commissary razors. Complaint, ¶¶12-13; C.R., Item No. 2 at 3. When the medical department denied his request, Thomas filed grievances, which were denied. The complaint asserts that Department Officials and the Bureau have violated RLUIPA by imposing a substantial burden on Thomas' practice of his religion.[3]

The complaint alleges that Thomas is 56 years old and "can[not] eat and chew [his] food without pain"; this leads to stomachaches. Complaint, ¶39; C.R., Item No. 2 at 6. Dr. Zoak[4] has advised Thomas that he needs surgery to restore his lower bridge. By denying this surgery, Department Officials and the Bureau have "knowingly [put Thomas'] health in danger to save money." Complaint, ¶¶52, 55; C.R., Item No. 2 at 7. The complaint further alleges that the Bureau routinely deprives elderly inmates necessary dental care at SCI-Huntingdon. Complaint, ¶58; C. R., Item No. 2 at 7. The complaint asserts that this deliberate indifference to Thomas' medical needs constitutes cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.

The complaint challenges the denial of Thomas' request to purchase a laptop computer and a desktop printer, which he needs to advance his religious

---

[3] The complaint also averred that Department Officials' refusal to grant Thomas' request for an electric razor violated the equal protection clause of the Fourteenth Amendment to the United States Constitution, and their deliberate indifference to Thomas' skin condition violated the Eighth Amendment's prohibition against cruel and unusual punishment. The complaint further raised a claim of intentional infliction of emotional distress. Because Thomas does not appeal the trial court's dismissal of those claims, we do not address them on appeal.

[4] The complaint does not identify Dr. Zoak's position or medical specialty.

studies and to communicate with his family. The complaint specifically targets Secretary Wetzel for discrimination; for impeding Thomas' efforts at rehabilitation; and for creating a "digital divide" between Thomas and his friends and family. Complaint, ¶¶87-89; C.R., Item No. 2 at 11. The complaint asserts that Secretary Wetzel has violated RLUIPA and violated Thomas' right to freedom of speech under the First Amendment to the U.S. Constitution.[5]

## Preliminary Objections

Department Officials and the Bureau filed preliminary objections asserting that the complaint failed to state a claim upon which relief may be granted. They also asserted that the Bureau is not a "person" subject to a suit under 42 U.S.C. §1983 and, thus, must be dismissed as a defendant. Preliminary Objections, ¶42; C.R., Item No. 19 at 11. Finally, the preliminary objections asserted that Thomas did not exhaust his administrative remedies with respect to the denial of his request to purchase an electric razor. Attached to the preliminary objections is a "true and correct copy of the complete documentation[,]" which demonstrates that Thomas' grievances were untimely filed. Preliminary Objections, ¶7; C.R., Item No. 19 at 2.

## Trial Court Decision

On December 12, 2016, the trial court dismissed Thomas' complaint. After Thomas appealed, the trial court directed Thomas to file a statement of errors complained of on appeal. *See* PA. R.A.P. 1925(b).[6] The trial court issued an opinion

---

[5] The complaint further averred that Secretary Wetzel violated the Department's regulation at 37 Pa. Code §93.4 by disallowing Thomas' family to purchase approved items for him from outside sources. Because Thomas does not appeal the trial court's dismissal of that claim, we do not address it here.

[6] It states in pertinent part:

4

pursuant to PA. R.A.P. 1925(a)(1).[7] It explained that the complaint did not state an Eighth Amendment claim because it did not allege deliberate indifference to Thomas' dental needs. Further, the complaint did not state a RLUIPA claim because he did not plead that the lack of an electric razor had substantially burdened the practice of his religious faith. Finally, the trial court rejected the RLUIPA and First Amendment claims arising from the denial of a laptop computer for the stated reason that the challenge was no more than a challenge to "prison policy." Trial Court op. at 5; C.R., Item No. 30 at 5. Because the trial court sustained the demurrer, it did not address Department Officials' argument that Thomas had failed to exhaust his administrative remedies before raising his religious accommodation claim.

---

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

PA. R.A.P. 1925(b).

[7] Rule 1925(a)(1) states, in relevant part, as follows:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a)(1).

## Appeal

On appeal,[8] Thomas raises six issues, which we combine into three for clarity.[9] First, Thomas argues that the trial court erred in rejecting his claim that the denial of his requests to purchase an electric razor and laptop computer violated RLUIPA. Second, Thomas argues that the trial court erred in dismissing his claim that Secretary Wetzel violated his right to free speech under the First Amendment by impeding his communication with his family and friends. Third, Thomas argues that the trial court erred in dismissing his Eighth Amendment claim arising from Department Officials' alleged deprivation of necessary dental care.

## Analysis

We begin with the question of whether the Bureau is a proper defendant. To state a claim under 42 U.S.C. §1983, a plaintiff "must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 49-50 (1999).

---

[8] Appellate review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Podolak v. Tobyhanna Township Board of Supervisors*, 37 A.3d 1283, 1286-87 (Pa. Cmwlth. 2012). When considering preliminary objections, this Court must consider as true all well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts. *Mulholland v. Pittsburgh National Bank*, 174 A.2d 861, 863 (Pa. 1961). Preliminary objections should be sustained only in cases where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996). As such review raises a question of law, our scope of review is plenary. *Podolak*, 37 A.3d at 1287.

[9] On appeal, Thomas argues that he "belongs to protected class as a [h]andicap," and Department Officials violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§12131-12165, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794, by discriminating against him. Thomas Brief at 18. Because Thomas did not raise this claim in the complaint, it is not preserved for our review on appeal.

6

Neither states nor state governmental entities are "persons" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Thus, the Bureau is not subject to suit here, and we affirm the trial court's order to the extent it dismissed any claim the complaint raised under 42 U.S.C. §1983 against the Bureau. We next turn to the substantive claims Thomas has raised against Department Officials.

## I. Religious Land Use and Institutionalized Persons Act

Thomas argues that the trial court erred by dismissing his claims under RLUIPA. Department Officials respond that the complaint did not plead facts to show that the denial of Thomas' requests to purchase an electric razor and computer substantially burdened the practice of his religion.

RLUIPA was enacted by Congress in 2000 to extend the protections of the federal Religious Freedom Restoration Act, 42 U.S.C. §§2000bb--2000bb-4, to individuals who reside in state and local institutions that receive federal financial assistance. Section 3(a) of RLUIPA provides, in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution … even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person --
>
> > (1)  is in furtherance of a compelling governmental interest; and
> >
> > (2)  is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. §2000cc-1(a). RLUIPA protects any exercise of religion, but "a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, __U.S. __, 135 S.Ct. 853, 862 (2015). Once

7

the prisoner makes the *prima facie* showing that his religious exercise has been substantially burdened, the burden shifts to the government to show that its refusal to grant the prisoner's request for a religious accommodation is the least restrictive means of furthering a compelling governmental interest. *Thomas v. Corbett*, 90 A.3d 789, 794-95 (Pa. Cmwlth. 2014).

In their preliminary objections, Department Officials did not dispute the sincerity of Thomas' Islamic faith; rather, they argued that Thomas' inability to shave with an electric razor did not substantially burden the practice of his religion. A governmental action creates a substantial burden on religious exercise if "it truly pressures the offender to significantly modify his religious behavior and greatly violates his religious beliefs." *Mobley v. Coleman*, 65 A.3d 1048, 1053 (Pa. Cmwlth. 2013). Specifically:

> [T]he effect of a government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, nontrivial benefit, and, on the other hand, following his religious beliefs. On the opposite end of the spectrum, however, [a] government action or regulation does not rise to a level of a substantial burden on religious exercise if it merely prevents the adherent from enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed.

*Id.* at 1053-54 (quoting *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004), *cert. denied*, 545 U.S. 1104 (2005)).

Thomas' complaint asserts that the Islamic religion requires him to shave, and the commissary razor caused him to develop keloids on his skin. Department Officials denied Thomas' request to purchase an electric razor as not medically necessary. However, according to the complaint, "[o]ther inmates are

allowed to shave in the manner that suit[s] them for personal reasons[, and they] have electric trimmers to shave with." Complaint, ¶32; C.R., Item No. 2 at 5. The complaint further alleges that Department Officials denied Thomas' grievances because "they want to dictate their personal opinions of [his] religious request." Complaint, ¶30; C.R., Item No. 2 at 5. These averments, if true, demonstrate a substantial burden on Thomas' religious exercise.

Department Officials counter that they denied the request to purchase an electric razor because of safety and security concerns. These concerns lack any basis in the pleading. As this Court held in *Mobley*, 65 A.3d at 1053, the Department's claims of valid penological interest cannot be advanced at the preliminary objections phase of the proceeding.

Because Thomas' complaint has made the *prima facie* showing that his religious exercise was substantially burdened, Department Officials must show that their refusal to allow the purchase of an electric razor was "the least restrictive means" of furthering a compelling governmental interest. *Thomas*, 90 A.3d at 794-95. This requires evidence.

Department Officials also argue that because Thomas' grievance regarding the electric razor was untimely filed, he failed to exhaust his administrative remedies with respect to his religious accommodation claim. Preliminary Objections, ¶7; C.R., Item No. 19 at 2. In support, Department Officials attached an "Amended Final Appeal Decision" to the preliminary objections, which states that Thomas' grievance "was not submitted within fifteen (15) working days after the events upon which claims are based." Preliminary Objections, Exhibit A, at 1; C.R., Item No. 19 at 24. The grievance attached to that decision shows that Thomas' request to purchase an electric razor was denied on July 13, 2015, and he

9

filed the grievance on July 14, 2015. Preliminary Objections, Exhibit A, at 2; C.R., Item No. 19 at 25. The grievance Thomas attached to his complaint shows that his request for a religious accommodation to purchase an electric razor was denied on June 25, 2015, and that he filed a grievance on July 3, 2015. Complaint, Razor Exhibit; C.R., Item No. 2 at 44. Because there is a factual dispute about when the grievance was filed, an evidentiary record is needed.

In ruling upon a demurrer, we accept as true all well-pleaded allegations of material fact and all inferences reasonably deducible from them. *Mulholland*, 174 A.2d at 863. Because it is not "clear and free from doubt the law will not permit recovery under the alleged facts[,] any doubt must be resolved by a refusal to sustain the demurrer." *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 72-72 (Pa. Cmwlth. 2007). For these reasons, we conclude that the trial court erred by dismissing Thomas' RLUIPA claim with respect to the denial of his request to purchase the electric razor.

As to Thomas' RLUIPA claim that the lack of a computer and printer has substantially burdened his ability to practice his religion, we conclude the complaint does not allege facts sufficient to show a burden. The complaint alleges that Thomas wants to store religious study files on a computer, but it does not allege that he cannot study religion without a computer or that he has been denied access to any texts or religious items associated with his religion. Accordingly, we affirm the trial court's dismissal of Thomas' RLUIPA claim with respect to the denial of a computer and printer.

10

## II. First Amendment Claim

Thomas argues that he has a First Amendment right to communicate with family and friends, which was violated by Secretary Wetzel's denial of his access to digital communication.[10] Thomas Brief at 18. The trial court dismissed that claim for the stated reason that Thomas was asking "the Court to provide him with an exception outside of the prison policy." Trial Court op. at 5; C.R., Item No. 30 at 5.

Whether a complaint pleads a constitutional violation requires a two-step analysis. First, the complaint must identify the inmate's constitutional right at issue. Second, the complaint must show an infringement on that right that "rises to the level of a constitutional violation, given the specialized standard of review applied to prison regulations and practices." *Brown v. Department of Corrections*, 932 A.2d 316, 318 (Pa. Cmwlth. 2007) (quotation omitted).

In support of his free speech claim, Thomas cites a decision of the Third Circuit Court of Appeals that "prisoners maintain a First Amendment right to communicate with family and friends, and that e-mail can be a means of exercising this right." *Solan v. Zickefoose*, 530 F. App'x 109, 110 (3d Cir. 2013) (internal

---

[10] In his complaint and on appeal, Thomas stated, in passing, that Secretary Wetzel, by not permitting him to purchase a computer and printer, discriminated against him because of his mental illness. Complaint, ¶90; Thomas Brief at 15. The trial court dismissed Thomas' complaint without addressing that claim. To the extent that Thomas raised an equal protection claim under the Fourteenth Amendment to the U.S. Constitution, we find it meritless. To state an equal protection claim, Thomas must allege that he received treatment different from other similarly situated individuals based upon his membership in a particular class. *Myers v. Ridge*, 712 A.2d 791, 799 (Pa. Cmwlth. 1998). Here, Thomas did not allege that Secretary Wetzel allowed any similarly situated inmate to purchase a computer or printer. A fair reading of his complaint reveals that inmates are not allowed to possess computers or printers, although they are allowed to exchange MP3 players for computer tablets. Accordingly, the trial court properly sustained Department Officials' demurrer to Thomas' equal protection claim.

quotation omitted).  At issue in *Solan* was a federal prison program designed to make e-mail available in all Federal Bureau of Prisons facilities.  When an inmate was precluded from using that system, he brought a civil rights action against the warden.  By contrast, here, Thomas' complaint does not allege that he lacks access to a prison computer system to send and receive e-mails in the prison.  Accordingly, we conclude that the trial court properly dismissed Thomas' First Amendment claim.

### III.  Eighth Amendment Claim

Finally, Thomas argues that the trial court erred in dismissing his Eighth Amendment claim with respect to his need for dental surgery.  He argues that Department Officials have chosen to disregard the pain he experiences from his inadequate bridge.  Thomas asserts that the denture adjustment he received was not a reasonable treatment because he no longer has "a bridge to sit a denture on[.]" Thomas Brief at 22.  Department Officials respond that the mere fact that Thomas disagreed with the course of treatment offered by them does not demonstrate deliberate indifference to Thomas' medical needs.

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the U.S. Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' … proscribed by the Eighth Amendment."  (internal citation omitted).  However, claims of negligent diagnosis or treatment or disagreement with the course of treatment do not rise to the level of a constitutional violation merely because the patient is a prisoner. *Id*. at 106.  Rather, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.*

12

Whether the medical need of an inmate is sufficiently serious is an objective inquiry. *Id.* at 106-07; *Tindell v. Department of Corrections*, 87 A.3d 1029, 1038 (Pa. Cmwlth. 2014). In making that inquiry, this Court considers the following factors: (i) whether the medical need "has been diagnosed by a physician as requiring treatment;" (ii) whether the need is "so obvious that a lay person would easily recognize the necessity for a doctor's attention;" (iii) whether the "denial or delay of treatment causes an inmate to suffer a life-long handicap or permanent loss;" (iv) whether the "denial or delay of treatment results in unnecessary and wanton infliction of pain;" (v) whether the need "significantly affects an individual's daily activities; or" (vi) whether the medical need "causes chronic and substantial pain." *Tindell*, 87 A.3d at 1038-39.

Next, the prisoner must allege acts or omissions that demonstrate deliberate indifference on the part of prison officials, which requires the demonstration of a state of mind akin to criminal recklessness. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety). Prison officials who respond reasonably to an alleged risk do not violate the Eighth Amendment, even where the measures taken failed to abate the substantial risk. *Id.* at 844. Examples of deliberate indifference include circumstances where the prison official: "(i) kn[ew] of a prisoner's need for medical treatment but intentionally refuse[d] to provide it; (ii) delay[ed] necessary medical treatment [for] a non-medical reason; (iii) prevente[d] a prisoner from receiving needed or recommended medical treatment; or (iv) persist[ed] in a particular course of treatment in the face of resultant pain and risk of permanent injury." *Tindell*, 87 A.3d at 1040.

13

The question before this Court is whether Thomas has pleaded facts that, if proven, will state a cognizable Eighth Amendment claim. Department Officials do not assert that Thomas' claim about his dental problem is not sufficiently serious. The trial court dismissed this claim because it concluded that Thomas did not plead "deliberate indifference" on the part of Department Officials. Trial Court op. at 3; C.R., Item No. 30 at 3. We disagree. The complaint alleges that Department Officials are aware that Dr. Zoak has recommended surgery but they approved only denture adjustments, which "they know to be inadequate[.]" Complaint, ¶58; C.R., Item No. 2 at 7. These averments reflect more than a disagreement over the treatment plan and, if proven, satisfy the intent necessary to meet the requirement of the deliberate indifference standard.

In reviewing an order sustaining preliminary objections, we are mindful that "it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections." *Pennsylvania State Lodge*, *Fraternal Order of Police v. Commonwealth of Pennsylvania*, *Department of Conservation and Natural Resources,* 909 A.2d 413, 416 (Pa. Cmwlth. 2006). Thus, we are constrained to conclude that the trial court erred in sustaining Department Officials' preliminary objections to Thomas' Eighth Amendment claim.

**Conclusion**

For the foregoing reasons, the trial court's decision is reversed and remanded insofar as it (1) dismissed Thomas' RLUIPA claim against Department Officials related to his request for a religious accommodation to purchase an electric razor and (2) dismissed Thomas' Eighth Amendment claim against Department

14

Officials with respect to inadequate dental care.  Department Officials must answer those claims.  The trial court's order is otherwise affirmed.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Thomas,          :
           Appellant     :
                          :
        v.            :   No. 1139 C.D. 2017
                          :
John E. Wetzel, Health Care   :
Services, Tabb Bickell, James  :
Eckard, and Shawn Kephart   :

## **O R D E R**

AND NOW, this 18th day of May, 2018, it is hereby ORDERED that the order of the Court of Common Pleas of Huntingdon County, dated December 12, 2016, sustaining the preliminary objections filed in the above-captioned case, is hereby AFFIRMED in part and REVERSED in part, and this matter is REMANDED in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge